BARNEY, Administratrix, etc., vs. DOUGLASS.

REPLEVIN :   *Evidence—Damages.*

1. In replevin for a steam engine the owner cannot recover the value of its use during the time it was wrongfully detained, without showing that he was in a position to use it, and was prevented from doing so by such detention.

2. Evidence that a shingle machine to which such engine was to be attached, "would have earned thirty or forty dollars per day," (which is construed to mean that the gross value of the shingles manufactured would equal one of those sums,) was inadmissible, unless connected with evidence as to the expenses of running the same, etc.

3. It is doubtful whether the owner could recover as a part of his damages for the detention, his expenses in going some distance with a team to remove the engine, after he knew that it was held by the opposite party, as sheriff, under an attachment, he not having ascertained whether it would be voluntarily delivered to him, nor being prepared to take it by legal proceedings.

ERROR to the Circuit Court for *Crawford* County.

This action was brought to reverse a judgment against the plaintiff in error, and in favor of the defendant in error. The errors relied upon, so far as they are important here, will appear from the opinion.

*David Noggle*, for plaintiff in error.

*O. B. Thomas*, for defendant in error.

PAINE, J. The action was to recover possession of a steam engine, and damages for its detention. The plaintiff below had caused it to be shipped on a barge which the steamer Idaho was to transport from Galena to La Crosse. The barge was towed to Prairie du Chien, and there left by the steamer; and while there, the engine was attached upon a claim against the steamboat. The intestate of the plaintiff in error, who was the sheriff, served the attachment, and held the property under it. It was conceded that the attachment was invalid, and that the property did not belong to the steamboat; so that no question was really litigated, except the amount of damages for the detention. Many objections were made to the rulings on the trial; but we shall notice only one, upon which we think the judgment must be reversed. The court allowed the plaintiff, under objection, to give evidence that the engine would have earned

thirty or forty dollars per day, in connection with a shingling machine with which it was to have been run. He also instructed the jury that they might, " in lieu of interest on the value, give as damages the value of the use of the engine during the time it was detained." This was error, as applied to the evidence in this case.

In the first place, it was error because the proof not only failed to show that the plaintiff was prevented from using the engine by the detention, but it showed that he was not. He testified that he had contracted to sell it, and it was the purchaser who was going to use it in the shingle machine. In respect to property of this kind, which is incapable of use except as a propelling power for some machinery, the owner ought not to be allowed to recover the value of its use for that purpose, even though wrongfully detained, without showing that he was in a position so to use it, and was prevented from so using it by the detention. If he had shown that he himself had a shingle machine, or any other machinery, in connection with which he designed to use the engine, and that while transporting it to be set up for that purpose, it was wrongfully seized and detained, the question would be entirely different.

The evidence, and, so far as appears, the only evidence, to which this instruction was applicable, was also improper, even though it had appeared that the plaintiff himself was to have owned and run the shingle machine. It was, that it would have earned thirty or forty dollars per day. We do not understand this to mean that the value of the use of the engine would have been so great. Such a statement would be improbable on its face. We understand it to mean that thirty or forty dollars' worth of shingles could have been made in a day. But it is very obvious that this would be no proper criterion by which to determine the value of the use of the engine. The value of the labor

Barney, Administratrix, etc., vs. Douglass.

employed, and the use of the other capital invested in the machinery, and the whole expense, would have to be considered, in determining that question. The general statement, therefore, that the engine would have earned thirty or forty dollars per day, was improper evidence, and tended to mislead the jury.

As the judgment must be reversed for this error, we shall not pass upon the many other objections made. But we may say that it seems questionable whether some other items of damages which the judge instructed the jury they might allow, ought to have been allowed. Thus, he told them they might allow the plaintiff the expense of coming to Prairie du Chien with teams in the winter to carry the engine to La Crosse. It appears from his own testimony, that before he came with the teams, he knew the engine was in the hands of the sheriff. Knowing that, it is at least doubtful whether he ought not to have ascertained whether the sheriff would deliver the property, before he incurred the expense of going a great distance with teams after it in the winter; or whether, if he did not do that, he ought not to have gone prepared to take it by legal proceedings. Certainly that expense was not the necessary or natural result of the detention, but was incurred by reason of the plaintiff's not proceeding with reasonable prudence, after the property had been attached.

*By the Court.*—The judgment is reversed, with costs, and the cause remanded for a new trial.