## BIGELOW VS. DOOLITTLE.

SALE: FRAUD. *Fraud a question for the jury; instructions as to force of evidence, considered.*

REPLEVIN: DAMAGES. (3) *General rule of damages in replevin.* (4, 5) *Rule applied.*

REVERSAL OF JUDGMENT. (6) *Conditional affirmance on plaintiff's remitting excess of damages, etc.*

36   115
87   84
87   338

36   115
104   352

36     115
110   3   61

Bigelow vs. Doolittle.

1. Where the question was, whether a sale of chattels was fraudulent as against a creditor, there was no error in refusing to instruct the jury that "the conveyance of the whole property of a debtor affords a very violent presumption of a fraudulent intent so far as existing creditors are concerned."

2. The fact that a debtor has conveyed all his property to another person is a circumstance to be considered by the jury in connection with all the other facts of the case, in determining whether the sale was fraudulent; and it is *for the jury* to determine, in view of all those facts, whether such conveyance is a *violent* or only a *slight* indication of fraud.

3. In *replevin*, where plaintiff elects to take the *value* of the property, with damages for the detention, the rule of damages should be the same as in *trover*.

4. In this action of replevin, a part of the property consisted of a wagon, buggy and reaper; and plaintiff elected to take the value, with damages for the detention; and such value was ascertained as *of the time of the taking*. *Held*, that the damages for the detention in this case should be, *interest* on the value of the property, so ascertained, from the taking to the verdict.

5. The jury were instructed to allow, as damages for the detention, "the value of the use of the wagon and buggy, taking into account what part of the year the same would be used," and the value of the use of the reaper for the two seasons which intervened between the taking and the trial. *Held*, erroneous.

6. The excess of the damages awarded by the jury for the detention of the property, above interest on the sum found as its value at the time of taking, being readily determined by calculation, this court orders that in case the plaintiff shall *remit* such excess and pay the costs in this court, the judgment stand affirmed; otherwise, that it be reversed.

APPEAL from the Circuit Court for *Eau Claire* County.

Replevin. The property was seized by the defendant, as sheriff of Dunn county, by virtue of an attachment against the goods and chattels of one Leroy Bigelow. The plaintiff claims a part of the property by purchase from the attachment debtor, made nearly a year before it was so seized; and the residue of the property, being grain, he claims to have raised on land the equitable title to which he purchased of said Leroy at the same time. The defendant gave the required security, and the

property was returned to him. The plaintiff recovered in the action, and elected to take judgment for the value of the property and damages for its detention, as assessed by the jury. The value was so assessed at $507, and the damages at $163. The date of the seizure was September 2, 1871, and of the verdict October 22, 1873.

The principal issue litigated on the trial was, whether the sale of the property by Leroy Bigelow to the plaintiff was made in good faith, or whether it was fraudulent and void as against the creditors of the former at the time of such sale, of whom the attachment creditor was one. Each party introduced testimony tending to prove the issue on his part. The testimony as to the value of the property was directed exclusively to its value when seized under the attachment, and the damages assessed for the detention thereof included the value of the use of a reaper, a wagon and a buggy (parcel of the property in controversy), from the time of such seizure to the time of trial, such use amounting to much more than the interest on the value of those articles for the same time.

A motion for a new trial was denied. The defendant appealed from the judgment against him.

*Bundy & Macaulay,* for appellant:

1. The facts proved by the plaintiff do not show such change of possession as to avoid the presumption of fraud. *McKibbin v. Martin,* 3 Am. Rep., 588; Smith's Lead. Cas., 55; *Randall v. Parker,* 3 Sandf., 69; *Topping v. Lynch,* 2 Robertson, 484. In such cases as this there must be an explanation as to the failure to make the change of possession. *Smith v. Acker,* 23 Wend., 653; id., 672; *Brooks v. Powers,* 15 Mass., 237; *Hanford v. Artcher,* 4 Hill, 296; 21 Wis., 136; 3 Cow., 166; 2 id., 431; *Randall v. Parker, supra.* If the verdict is against evidence, the court can grant a new trial as in other cases. *Smith v. Acker,* above cited; *Vance v. Phelps,* 6 Hill, 433. 2. The court below erred in giving the value of the daily use of the wagon, reaper and mower as damages. Chap. 124, Laws of

1869, gives the plaintiff a right to take a money judgment absolutely. This change of the law renders the cases of *Williams v. Phelps*, 16 Wis., 80, and *Allen v. Fox*, 51 N. Y., 562, inapplicable. The plaintiff not having expected to recover the property, there is no valid reason for a distinction between this case and that of trover as to the rule of damages. *Single v. Schneider*, 30 Wis., 572. Even if the rule exists, as in *Allen v. Fox*, the plaintiff has not brought himself within it; the rule there being that the measure of damages was the value of the article *at the time of the trial*, and damages for detention. *Brewster v. Silliman*, 38 N. Y., 430. This point is raised by the motion for a new trial. *Single v. Schneider*, 24 Wis., 299.

*Bartlett & Hayden*, for respondent:

1. In trover, it is conceded that the title and right of possession of the property shall remain in the defendant, and a recovery for the value is sought; but in replevin, the plaintiff claims the property itself, and the jury find the value of the property and the damages for the detention. R. S., ch. 132, sec. 31; Tay. Stats., 1504, § 39. The true measure of damages in replevin for the detention of property, is the value of the use of the property when it is of a usable value. *Williams v. Phelps*, 16 Wis., 80–85; *Allen v. Fox*, 51 N. Y., 562. 2. The instruction asked for by the defendant was properly refused. The question of fraud was fairly submitted to the jury. To impeach the sale, the defendant should have shown fraud on the part of the vendor in making the sale, and also knowledge on the part of the vendee of such fraud, or some circumstances sufficient to put the vendee on inquiry (*Hopkins v. Langton*, 30 Wis., 379; *Garbutt v. Bank of Prairie du Chien*, 22 id., 384; *Lum v. Hoog*, 31 id., 687); but no such evidence was given.

LYON, J. 1. No exceptions were taken to the charge which the court gave the jury in respect to the issue of alleged fraud in the sale of a portion of the property in controversy by

Bigelow vs. Doolittle.

Leroy Bigelow to the plaintiff. Indeed, the law on that sub-
juct was very clearly and correctly stated to the jury by the
learned circuit judge. There is but a single exception relating
to this branch of the case, and that was taken to the refusal of
the court to give an instruction proposed on behalf of the de-
fendant, as follows: "The conveyance of the whole property
of a debtor affords a very violent presumption of a fraudulent
intent, so far as existing creditors are concerned." We think
that the proposed instruction was properly refused. If Leroy
Bigelow conveyed all of his property to the plaintiff, that was
a circumstance to be considered by the jury in connection with
all of the other facts of the case, in determining whether such
sale was fraudulent or otherwise; and it was for the jury to
give to each fact and circumstance the weight to which, in their
opinion, it was fairly entitled. Under some conditions, the
jury might regard such conveyance as raising a very violent
presumption of fraud, while under other and different condi-
tions the jury might properly determine that it was but a
slight indication of a fraudulent intent. But this is for the
jury, and not for the court, to determine, and so the court held.

2. A question is made as to the correctness of the rule of
damages laid down by the court. The following instruction
proposed by the defendant was refused: "The greatest dam-
ages the plaintiff is entitled to recover in any event, cannot
exceed the value of the property at the time it was taken, and
interest to date." The jury were instructed, if they found for
the plaintiff, to assess as damages for the detention of the
property, besides interest on the value of the grain, "the value
of the use of the wagon and buggy, taking into account what
part of the year the same could be used," and the value of the
use of the reaper for the seasons of 1872 and 1873.

Remembering that the judgment is for the value of the
property at the time it was seized under the attachment, a little
reflection will satisfy the mind that an erroneous rule of dam-
ages for the detention of the property was adopted. The value

of the use of the reaper, wagon and buggy is necessarily made up of the interest on the value of those articles and the depreciation in the value thereof by reason of such use. Other elements may enter into the value of the use, but they are exceptional and accidental. The plaintiff thus recovers the full value of the articles before such value was depreciated by use, together with damages for such depreciation. Suppose he has recovered $150 for the reaper, that sum being its full value when seized, and $100 for the use thereof during the two seasons it was out of his possession. It is obvious that in such case he would be $100 better off — less the interest on the value of the reaper, — than he would have been had the reaper remained in his possession. A rule of damages which leads to such a result should not be sustained in any form of action. Had the plaintiff directed his proofs to the value of the articles at the time of the trial, it is possible that the rule of damages adopted by the circuit court might be sustained. Whether it could or not, we do not decide here.

Were this an action of trover, the rule of damages would be, the value of the property when seized and interest thereon to the time of trial. By electing to take judgment absolutely for the value of the property and the damages assessed by the jury, as he may do under the statute (ch. 124, Laws of 1869 ; Tay. Stats., 1504, § 39), the plaintiff has made this action perform the functions and accomplish the results of an action of trover. Regarding the substance rather than the form of the proceeding, as important and controlling, is there any good reason for applying a different rule of damages in this action, from that which would be applied were it, in form, an action of trover ? We think not, and must therefore apply the same rule.

This case is decided upon its own peculiar facts, and must not be regarded as settling, or as attempting to settle, the rule of damages in other actions of replevin in which the facts are not the same as in this case.

Our conclusion is, that the plaintiff was only entitled to re-

cover the value of the property, assessed at $507, and interest thereon from the time it was taken from him, September 2d, 1871, to October 22d, 1873, the date of the verdict, being $75.92. His judgment should therefore have been for $582.92, instead of $670. The excess is $87.08.

Following the practice adopted in *Kavanaugh v. Janesville*, 24 Wis., 618, the judgment of this court is, that if the plaintiff will remit such excess, and pay the costs of this appeal, the judgment of the court below is affirmed. Failing to do so, the judgment is reversed, and a new trial ordered.

*By the Court.*—Ordered accordingly.