## HASS VS. PRESCOTT.

REPLEVIN: PLEDGE: JUDGMENT. (1) *Affidavit for replevin in justice's court.* (2, 3) *Execution against pledgor; rights of pledgee.* (4) *Verdict in replevin.* (5) *Judgment in replevin.* (6) *Judgment not reversible for trifling error.*

1. When the affidavit for replevin in justice's court contains all the averments required by sec. 135, ch. 120, R. S., it is sufficient; and although it may be necessary for the plaintiff to prove that he has an interest in the property. in order to establish his right to the possession, yet he need not state in the affidavit the nature of such interest. A contrary intimation in *Child v. Child,* 13 Wis., 17, overruled.

2. The pledgee of property cannot be dispossessed by virtue of an execution against the pledgor, although the interest of the latter may be levied upon and sold. R. S., ch. 134, sec. 21.

3. Whether the statute which provides that "no personal property shall be exposed for sale [on execution] unless the same shall be present and within the view of those attending such sale" (R. S., ch. 134, sec. 32), is applicable to such a case, and if so, what right of access to the property in the hands of the pledgee·the officer may have for the purpose of selling the pledgor's interest therein, are questions not here determined.

4. In replevin by a pledgee against an officer who had seized and held the property on an execution against the pledgor, the jury found that

Hass vs. Prescott.

plaintiff was entitled to the property, and that its value was $22.50, and the value of plaintiff's interest in it, $14.37; and they assessed nominal damages for its detention. *Held*, that the verdict disposes of all the material issues of fact, and is sufficient, as the right of defendant to the possession after paying the amount of plaintiff's claim was not controverted in the action, and as the justice had ordered the property to be returned to defendant before the trial, and the judgment leaves it in his possession.

5. The judgment is not erroneous because it is not for a return of the property, but merely for the value of plaintiff's interest therein. R. S., ch. 120, sec. 152.

6. *De minimis non curat lex;* and if (as claimed by the appellant) the verdict and judgment were for twenty-four cents more than the actual amount of plaintiff's special interest in the property, the judgment would not be reversed on that ground. But the fact appears to be otherwise.

APPEAL from the Circuit Court for *Columbia* County.

This action was brought before a justice of the peace to recover the possession of a pair of bob sleds, of the alleged value of twenty-five dollars. The affidavit for the warrant of replevin contained all the averments required by sec. 135, ch. 120, R. S. The answer alleges that the defendant was under-sheriff; that as such he seized the sleds by virtue of an execution in his hands, duly issued, etc., against the goods and chattels of one Brown; and that Brown was the owner of the property. The justice rendered judgment of nonsuit against the plaintiff for nonappearance, and ordered the officer to return the property in controversy to the defendant. On the last day allowed by law for that purpose, the plaintiff appealed from such judgment to the circuit court, and gave the undertaking required by the statute (Laws of 1859, ch. 112, sec. 5) in a case where the property in controversy has been delivered to the appellee. The affidavit required by sec. 2 of the same act to prevent a return of the property to the defendant, was not filed.

In the trial in the circuit court, it was not denied that Brown was the general owner of the property. It was proved that the defendant was under-sheriff; that he levied the execution

mentioned in the answer on all of the interest of Brown in the sleds; and that he took the same from the possession of the plaintiff.

The testimony tended to show that before such seizure Brown delivered the sleds to the plaintiff as security for a debt which he owed the latter, and which has not been paid; and that the defendant seized the property with full knowledge of the facts, and against the remonstrance of the plaintiff.

The court refused to give the following instructions asked on behalf of the defendant: "A sheriff holding an execution against a pledgor of chattels, valid upon its face, may, by virtue thereof, levy upon all the right, title and interest which the pledgor has in the property pledged, and, for the purposes of a sale of that interest, may take the property pledged out of the hands of a pledgee, into his own possession, without being liable to the pledgee in an action to recover the possession of the property so taken."

The jury returned the following verdict: "We, the jury impaneled to try the above entitled action, find for the plaintiff that he is entitled to the property described in the complaint; that the same was unlawfully taken, and is unlawfully detained by the defendant; that the value of the property is $22.50; that we assess the plaintiff's damage at six cents, and we assess the lien of the plaintiff at $14.37."

The court, after denying a motion for a new trial, gave judgment for the plaintiff for $14.37 damages, and for costs; and the defendant appealed therefrom.

*H. W. Lee*, for appellant, argued that the affidavit, or complaint, contained no allegation that plaintiff had either a general or a special property in the goods seized, nor any other fact which would entitle him to possession. To maintain replevin, plaintiff must, at the beginning of his action, have a general or special property in the thing replevied, and a right to its possession. *Beckwith v. Philleo*, 15 Wis., 223. Where the statute makes the affidavit the complaint, "it should

contain the plaintiff's case as he expects to establish it by evidence on trial." *Child v. Child*, 13 Wis., 17.   Unless the complaint shows that plaintiff has the general or a special property in the thing in contest, the action will not lie.   *Pattison v. Adams*, 7 Hill, 126.   Nor will this action lie by a pledgee of chattels, against a sheriff holding an execution against the goods and chattels of the pledgor, who, by virtue of his execution, levies upon the pledgor's interest in the goods, and takes them into his possession for the purpose of selling such interest. Tay. Stats., ch. 134, § 31; *Bakewell v. Ellsworth*, 6 Hill, 484; *Stief v. Hart*, 1 Coms., 20; *Cotton v. Marsh*, 3 Wis., 221.   Again, the verdict and judgment are defective and void, not being according to the rights of the parties.   Tay. Stats., ch. 120, § 159.   And a proper judgment can not be rendered on such a verdict.   *Ford v. Ford*, 3 Wis., 399.   The title, as well as the right to possession, being in issue, should have been passed upon.   The amount for which the verdict was given is excessive by twenty-four cents, and for this reason, also, the judgment should be reversed.   *Smith, v. Phelps*, 7 Wis., 211.

*John Brickwell, contra*, in addition to cases cited by counsel for appellant, cited *Everitt v. Walworth County Bank*, 13 Wis., 19; *Krause v. Cutting*, 32 id., 687; *Goldsmith v. Bryant*, 26 id., 34; *Single v. Barnard*, 29 id., 463.

LYON, J.   I.   It is claimed on behalf of the defendant, that because the affidavit for the warrant of replevin (which by statute is the complaint in the action) fails to allege that the plaintiff is the owner, either general or special, of the property in controversy, it fails to state a cause of action, and hence that the objection to the admission of any testimony under the complaint, made at the commencement of the trial, should have been sustained.

Notwithstanding what was said by Mr. Justice COLE in the opinion in *Child v. Child*, 13 Wis., 17, we all think that if the

Hass vs. Prescott.

affidavit for the warrant contains the allegations required by the statute, it is sufficient; and although it may be necessary for the plaintiff to prove that he has an interest in the property in order to establish his right to the possession thereof, yet he need not state in the affidavit the nature of such interest. To hold otherwise would be to interpolate in the statute requirements not made or contemplated by the legislature; and this we are not at liberty to do.

In this case the affidavit contains all the averments which the statute requires, and it must be held that it states a cause of action.

II. The instruction prayed on behalf of the defendant was properly refused. Following the very pointed intimations of this court in *Saxton v. Williams*, 15 Wis., 292, and in several other cases, we hold that while plaintiff held the property in pledge, the defendant was not entitled to dispossess him by virtue of the execution against Brown, although undoubtedly he might have levied upon and sold the interest of Brown therein. R. S., ch. 134, sec. 21. This principle was so fully and satisfactorily discussed by Mr. Justice PAINE in *Saxton v. Williams*, that it is quite sufficient to refer to that discussion, without enlarging here upon the subject.

Whether the statute which provides that "no personal property shall be exposed for sale unless the same be present and within the view of those attending such sale" (R. S., ch. 134, sec. 32), is applicable to such a case; and, if applicable, what right of access to the property in the hands of the pledgee the officer may have for the purpose of selling the interest of the pledgor therein,— are questions not here determined.

It will be observed that we adopt the conclusion of those judges whose opinions did not prevail in *Stief v. Hart*, 1 Coms., 20, referred to by Mr. Justice PAINE in *Saxton v. Williams*.

III. We think the verdict disposes of all the material issues of fact in the action, and is therefore sufficient. Each party claims only a special interest in the property in controversy,

Hass vs. Prescott.

and both concede that Brown is the general owner thereof. The verdict is that the plaintiff has a special interest in the property to the amount of $14.37 (which is less than the whole value thereof), and is entitled to the possession of the property, and that the defendant unlawfully took and detains the same. True, the jury failed to find in terms that the defendant will be entitled to the possession after the amount of the plaintiff's lien is paid; but that right of the defendant was not controverted in the action. It is a fair presumption from the record that the property was returned to the defendant pursuant to the order of the justice; and the judgment leaves it in his possession.

IV. The judgment is not for a return of the property, but is simply a judgment for damages for the amount of the plaintiff's special interest therein. The statute (R. S., ch. 120, sec. 152) gives the court discretion in such a case to render judgment for damages only. Hence the judgment is not erroneous merely because it is not for a return of the property.

V. It is alleged as matter of fact that the verdict and judgment are for twenty-four cents more than the actual amount of the plaintiff's special interest in the property; and as matter of law, that it should be reversed because of such excess. But if the plaintiff was entitled to recover in the action, a computation shows that the jury assessed his damages at the correct sum. And were the fact as claimed on behalf of the defendant, it would not work a reversal of the judgment. *De minimis non curat lex.*

We find no material error in the record before us, and must affirm the judgment of the circuit court.

*By the Court.* — Judgment affirmed.