## Riess vs. Delles.

REPLEVIN: FINDING. *(1) Presumption from finding. (2) Finding construed to refer to time of bringing action. (3) Plaintiff's option as to judgment, when to be exercised. (4) Judgment for nominal damages no ground for reversal.*

1. In replevin, where defendant justified as sheriff under an execution against K., the finding was that plaintiff, before the levy, took title to the property in dispute to secure himself and two others against their liabilities as sureties on the official bond of K. *Held*, that the presumption from this finding is, that the whole legal title, with the possession,

was vested in plaintiff conditionally as mortgagee, and this was sufficient to enable him to maintain the action.

2. A finding (made nearly a year after action brought), that plaintiff *is* the owner and entitled to the possession, construed to relate to the title at the commencement of the action.

3. The option given by statute to plaintiff in replevin, to have judgment for the recovery of the possession, or absolutely for the value, may be first exercised *when judgment is taken.*

4. If it is irregular, in replevin, to award judgment for six cents damages for the wrongful taking and detention, in the absence of any finding as to such damages, it is not such error as will reverse the judgment.

APPEAL from the Circuit Court for *Ozaukee* County.

Replevin, commenced July 14, 1876. The complaint alleges, in substance, that plaintiff was the owner and lawfully possessed of the personal property described, of the value, etc., which defendant, on the 12th of July, 1876, wrongfully took from his possession, and unjustly detained, to his damage, etc. Defendant answered, denying all the allegations of the complaint, and, as sheriff, justified the taking by virtue of an execution issued upon a judgment against one Christopher Krans, in favor of James W. Vail and Wm. H. Landolt. The circuit court found that the plaintiff *is* the owner of the property mentioned in the complaint, and is entitled to the possession and return thereof; that the value of the property is a sum stated; and that the defendant took the same as alleged in the complaint; but it found no damages for the wrongful taking and detention. It likewise found that plaintiff took title to said property to secure himself and two others named against any liability and damages in consequence of their having become sureties for Christopher Krans, as town treasurer for the town of Port Washington for the year 1876, and had no other interest in the same.

The judgment recites that the action was tried by the court, a jury having been waived, "and, the court having found that the plaintiff was owner in fee of the property mentioned in the complaint, and was entitled to the possession thereof; that the defendant took the same as alleged in the complaint; that the value was $629.75; that the dam-

age to the plaintiff for the taking by the defendant was six cents; that the plaintiff was entitled to the return of said property, or the value thereof; . . . and the plaintiff herein waiving judgment for the delivery to him of said property by the defendant, and asking judgment for the value thereof and damages for the taking, . . . . it is adjudged that the plaintiff recover from the defendant, and the sureties in the undertaking, the sum of $629.75, and six cents damages for the taking and costs."

The defendant and his sureties appealed from the judgment.

The cause was submitted for the appellants on briefs of ·*Eugene S. Turner.*

For the respondent, there was a brief by *Joshua Stark*, and oral argument by *S. U. Pinney.*

COLE, J. There is no bill of exceptions in this case, and the only question to be considered is, whether the judgment was warranted by the facts found by the circuit court. It is objected that the court did not find, as stated in the judgment, that the plaintiff was the absolute owner — or owner "in fee" — of the property, but did find that he held it merely to secure himself and others against a liability which he had incurred for the general owner, Krans, and for no other purpose. The presumption from the finding is, that the whole legal title, with the possession, was vested in the plaintiff conditionally, as mortgagee; and this was sufficient to enable him to maintain the action. *Frisbee v. Langworthy,* 11 Wis., 376; *Welch v. Sackett,* 12 id., 244. The words "*in fee,*" in the connection in which they are used, are obviously without meaning. For, as against the defendant, the plaintiff is to be regarded as the absolute owner.

Again, it is said that the finding was made in June, 1877, and is, that the plaintiff *is* the owner of the property, and *is* entitled to the possession thereof. It is insisted that this refers to the rights of the plaintiff when the action was tried, and not to his rights when the suit was commenced. This criticism seems to us without force. The finding relates to the

title and possession of plaintiff when the suit was commenced, and must be so construed.

It is further objected, that, to entitle the plaintiff to a judgment for the value of the property, it must appear in the finding that he waived a return. In this case, the defendant gave the statutory undertaking and retained the property. The plaintiff had the option, under sec. 39, ch. 132, Tay. Stats., to take judgment for the recovery of the possession of the property, or absolutely for its value. But we know of no provision that requires the plaintiff to exercise that option before the finding is made. We suppose it is sufficient if he exercises his election when judgment is taken. From the recital in his judgment already quoted, it will be seen that the plaintiff waived a delivery to him of the property, and asked a judgment for its value. This is all that was necessary for him to do, to show that he exercised the option given him by the statute.

The court failed to find any damages for the taking of the property, but the judgment awards six cents. It is likewise objected that this was error. Concede that it was, still it is not such an error as will work reversal of the judgment. *High v. Johnson*, 28 Wis., 72. The maxim, *de minimis, etc.*, applies. *Hass v. Prescott*, 38 Wis., 146.

It follows from these views that the judgment of the circuit court must must be affirmed.

*By the Court.* — So ordered.

A motion by the appellants for a rehearing was denied.