FUGINA and another, Appellants, vs. BROWNLIE, Respondent.

*March 16 — April 6, 1886.*

*Replevin: Appeal from J. P.: Nonsuit: Return of property.*

Where, on the trial of an appeal from a justice's court by the defendant in an action of replevin, a nonsuit is granted, an affirmative judgment may be rendered for the redelivery of the property, or its value, and damages for its detention.

APPEAL from the Circuit Court for *Trempealeau* County. The case is thus stated by Mr. Justice CASSODAY:

" The plaintiffs let a small farm to the defendant to work on shares,— to raise hogs and small grain,— he doing the work and raising the feed. Each party was to furnish a portion of the hogs in the first instance, and then each was to have back in value the amount so furnished and one half the net increase. The plaintiffs had some of the hogs for their own use. The defendant moved to another place, and took a portion of the hogs with him. The plaintiffs replevied them in justice's court. The defendant answered a general denial. The plaintiffs obtained judgment. The defendant appealed therefrom to the circuit court, where the cause was retried by a jury. At the close of the plaintiffs' evidence eliciting the above facts, in substance, the defendant moved for a nonsuit on the grounds, in effect, that the plaintiffs could not maintain this action at law, but must be remitted to an action in equity for settlement and accounting. The court granted the motion. Thereupon judgment was entered by the clerk to the effect that the defendant was entitled to the possession of the hogs replevied, and six cents damage for their detention; that their value was $57.75; that the defendant have return of the hogs, or such value, and the costs. From that judgment the plaintiffs appeal."

*E. C. Higbee,* for the appellants, contended that a nonsuit is not a decision upon the merits of any action, and is no bar to another suit, and the practice has always allowed a plaintiff to submit to a voluntary nonsuit to avoid a judgment on the merits, except when the defendant claims affirmative relief which is well pleaded. Abb. Trial Br. 105–7; R. S. sec. 2856; 2 Till. & Shearm. Pr. 476, art. 18; Wells on Replevin, sec. 26. The defendant, by moving for a nonsuit in replevin, waives his right to claim a redelivery in the suit and judgment on the merits. Estes, Pl. & Pr. sec. 4780;

*Ginaca v. Atwood*, 8 Cal. 446; *Wood v. Ramond*, 42 id. 645. Without the verdict of a jury which found upon all the issues, there was nothing upon which a judgment for affirmative relief could be based. *Heeron v. Beckwith*, 1 Wis. 17; *Ford v. Ford*, 3 id. 399; *Warner v. Hunt*, 30 id. 200; *Appleton v. Barrett*, 22 id. 568. A verdict or finding for the defendant in replevin is not warranted, except where a return is claimed in the answer. Estes, Pl. & Pr. (3d ed.), sec. 4726; R. S. sec. 2859.

*E. Q. Nye*, for the respondent.

CASSODAY, J. The contention is, in effect, that, as the court granted a nonsuit, the judgment should have been for that merely, and not an affirmative judgment in favor of the defendant, as provided in sec. 2888, R. S. Had such nonsuit been granted in the justice's court, it would have been the statutory duty of the justice to have assessed adequate damages for the caption and detention of the hogs seized, and immediately to have entered an order in his docket that the officer deliver the hogs to the defendant, and adjudge that he recover such damages and costs, and issue execution therefor. Sec. 3743, R. S. It may be that this statute is not strictly applicable, since the appeal was tried in the circuit court "as actions originally brought there." Sec. 3768, R. S. But this court sustained substantially such a judgment as we have here on a nonsuit being granted in the circuit court in an action of replevin appealed from a justice's court. *Timp v. Dockham*, 32 Wis. 146. That case has since been approved. *Delaney v. Canning*, 52 Wis. 266; *Wheeler & Wilson Mfg. Co. v. Teetzlaff*, 53 Wis. 225. This being so, the question is not an open one in this court. True, in that case the jury assessed the damages and found the value. But where there is no dispute as to the value, and the damages are merely nominal, as here, we perceive no reason why the court may not so find as well as a jury. *High v. Johnson,*

28 Wis. 72; *Riess v. Delles,* 45 Wis. 662; *Gammon v. Abrams,* 53 Wis. 323; *Schweitzer v. Connor,* 57 Wis. 177. Circuit Court Rule XXI expressly provides that the court may find such value and assess such damages and that judgment may be thereupon entered. Certainly there is no error affecting any substantial right of the plaintiffs. Sec. 2829, R. S. Here the judgment is signed by the clerk, yet it is, nevertheless, the judgment of the court. The theory is that the property was wrongfully taken from the defendant's possession by virtue of the process, and that the court will place the parties *in statu quo.* It is not an adjudication of title in the defendant, and is not to be deemed a bar to a proper action for accounting between the parties. In fact the judgment here recites the nonsuit.

*By the Court.*— The judgment of the circuit court is affirmed.