# CASES DETERMINED

# August Term, 1914.

PFEIFER, Appellant, vs. LAYTON PARK OIL & SOAP COMPANY, Respondent.

*October 30—November 17, 1914.*

*Exchange of chattel for land: Rescission: Lack of title to land: Constructive notice: Offer to return: Replevin: Damages: Form of judgment: Milwaukee civil court.*

1. One who traded a horse for a specified quantity of gravel to be taken from certain land to which, as the record showed, the other party had no title, had constructive notice of such lack of title and could not afterwards rescind the trade on that ground.

2. Nor, having already taken a part of the gravel, could he rescind without offering to return the gravel or its value either to the other party to the trade or to whoever was entitled thereto.

3. In replevin the measure of defendant's damages for the taking and detention of the chattel seized on the writ is the reasonable value of its use for the time it is detained, not interest on its value.

4. An action of replevin in the Milwaukee civil court being governed by the rules and statutes applicable to such actions in justices' courts, where the chattel in suit has been seized by the sheriff under the writ, if the plaintiff fails to recover there should not be a judgment for defendant in the alternative for a return of the chattel or for its value, but there should be, under sec. 3743, Stats., an order for its return to defendant and judgment for damages only. The chattel is, in such a case, in the custody of the court even though, by arrangement between the sheriff and the plaintiff, it has been turned over to the latter.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Modified and affirmed.*

Action of replevin to recover possession of a horse, begun December 29, 1913, in the civil court of Milwaukee county. September 12, 1913, plaintiff obtained a permit from the defendant to take not to exceed 600 loads of gravel and sand out of its pits in payment for the horse in question, which he then delivered to defendant.  One Leo Hofmeister was president of the defendant corporation and the gravel and sand pits belonged to him subject to two mortgages of record, one of which was foreclosed, but the time for redemption had not expired at the time of the trial.  The preceding March Hofmeister went into voluntary bankruptcy and scheduled the two pits subject to the mortgages.  Prior to December 24, 1913, plaintiff removed 188 loads of gravel and sand from the two pits.  He was then notified by one of the mortgagees not to remove any more and that he would be held responsible for what he had taken.  He also then learned about the bankruptcy proceedings and that Hofmeister had not been discharged, whereupon he served a notice upon the defendant that he had elected to rescind the agreement and demanded a return of the horse.  The defendant refused to return the horse and this action was begun.

The civil court found that the defendant was at the commencement of the action entitled to the possession of the horse; that it was seized by the sheriff; that its value was $100; and that defendant sustained damages in the sum of $10 by the seizure and detention of the horse.  Its judgment was:

"It is adjudged: That the sheriff of Milwaukee county be and he is hereby ordered to return the property seized by him, to wit, one bay horse with white star on forehead, six years old, to the defendant, and in case return thereof cannot be made that defendant have judgment against the plaintiff for the value thereof, to wit, $100.  It is further adjudged: That the defendant, *Layton Park Oil & Soap Company,* have judgment against the plaintiff, *Jacob Pfeifer,* for ten dollars

($10) damages and ten and 26/100 dollars ($10.26) costs, in all twenty and 26/100 dollars ($20.26)."

The plaintiff appealed to the circuit court. It adjudged:

"1. That the judgment of the civil court . . . be, and the same is hereby affirmed, and that the defendant do have and recover of the sheriff of Milwaukee county and of the plaintiff the property seized by said sheriff and delivered to the plaintiff, to wit, one bay horse with white star on forehead, six years old, and in case return of said horse cannot be made that then the said defendant do have and recover of the said sheriff of Milwaukee county and of the plaintiff the sum of $100, the value of said horse, defendant's damages, assessed and found as aforesaid by the civil court of Milwaukee county.

"2. It is further adjudged: That the defendant have judgment against the plaintiff, *Jacob Pfeifer*, for $20.26, being the amount of its damages and costs in civil court, and for $39, being the amount of its further damages for the continued detention of its property since the entry of judgment in the civil court, found in this court, and for its costs and disbursements in this court taxed at $23.18, in the aggregate for $82.44, and that it have execution therefor.

"3. It is further adjudged that on filing proof of service of notice of entry together with a copy of this judgment on the sheriff of Milwaukee county and upon the attorneys for the plaintiff, and of demand made both upon the sheriff of Milwaukee county and the attorneys for the plaintiff, and proof by affidavit of the failure or refusal of said sheriff and the plaintiff to return the said horse, in as good condition as when taken, to the possession of the defendant within five days after such service of notice and demand, the defendant may, on filing his election in writing to take judgment for the value of the horse, have judgment therefor and have execution issued thereon against the sheriff of Milwaukee county and against the plaintiff for the sum of $100, in addition to the above and foregoing sum of $82.44 for damages for detention and costs, in all the sum of $182.44."

From that judgment the plaintiff appealed.

The cause was submitted for the appellant on the brief of *Lorenz & Lorenz,* and for the respondent on that of *John T. Kelly.*

VINJE, J.  Plaintiff claims that the circuit court erred in four particulars in its affirmance of the judgment of the civil court.  It erred (1) in finding that the defendant was entitled to the possession of the horse; (2) in finding that the defendant was damaged in the sum of $10 by reason of its seizure and detention as found by the civil court, and in the additional sum of $39 as found by the circuit court; (3) in awarding judgment for $100, the value of the horse as found, in the event the return of the horse could not be had; and (4) in finding its value to be $100.

1. In support of the contention that the court erred in finding that the defendant was entitled to the possession of the horse it is urged that it did not have title to the gravel and sand traded for the horse, because the real estate was mortgaged and was listed in bankruptcy proceedings and so the owner's equity had passed to the trustee in bankruptcy, and because defendant had only a lease of it from Hofmeister, which did not authorize it to commit waste or to remove gravel or sand therefrom.  The weakness of the contention lies in the fact that plaintiff was trading his horse for real estate and was chargeable with notice of the record title of such real estate.  The record showed defendant had no title. Plaintiff therefore had constructive notice of its lack of title. No claim is made that plaintiff was deceived, or deterred from examining the record title, by any statements or representations made by the defendant.

But, even assuming that plaintiff had a right to rely upon the title being in the defendant, he did not by merely demanding the horse become entitled to a rescission of the contract.  At the time he demanded the horse he had received 188 of the 600 loads, or nearly one third of the purchase

price.   He did not offer to return the loads received or their value.   This he should have done to entitle him to a rescission.   *Potter v. Taggart,* 54 Wis. 395, 11 N. W. 678; *Bostwick v. Mut. L. Ins. Co.* 116 Wis. 392, 439, 89 N. W. 538, 92 N. W. 246.   If he thought, in view of the claim made by the mortgagee, that it was not safe to return the value of the loads to the defendant, he should at least have indicated a willingness to make return thereof to whoever was entitled thereto.   This he did not do.   So it must be held the court properly found defendant was entitled to the possession of the horse at the time the suit was begun.

2. The measure of damages for the caption and detention in a case of this kind is the reasonable value of the use per day of the chattel seized and detained and not interest on the value of the chattel.   *Zitske v. Goldberg,* 38 Wis. 216, 224. The evidence showed the value of the use of the horse was from $1 to $2 per day.   It was seized December 29th and judgment entered in the civil court January 6th next.   Under the evidence the assessment of damages was amply sustained.   In the circuit court the defendant recovered only the sums actually and reasonably paid out by it between January 6th and March 8th, on which date it bought another horse to take the place of the one seized, and from which time up to May 16th, when the judgment was entered, no damages were allowed.   Surely the plaintiff cannot justly complain of a ruling so favorable to him.

3. Instead of rendering a judgment in the alternative, both the civil and circuit courts should have entered a judgment for a return of the horse together with damages for its detention.   The action was replevin brought in the civil court so the rules and statutes applicable to such actions in justices' courts govern.   Sec. 14, ch. 549, Laws of 1909, as amended by sec. 6, ch. 425, Laws of 1911 (Hirschberg's Milwaukee County Laws, sec. 1308).   The subject matter of the suit, the horse, was seized by the sheriff under the writ,

and upon the trial the plaintiff failed to recover. In such a case the statute, sec. 3743, provides for an order for a return of the property and a judgment for damages only. It is only in cases where the property has not been seized that a judgment for the return of the property or for its value may be entered in justice's court. Secs. 3738, 3748. Sec. 3736 directs the officer to keep the property seized until the cause is decided by the justice. So at the time of the trial the horse was in the custody of the court. When that is the case a judgment for its return alone, with damages, is sufficient independent of statutes regulating the form of judgment to be entered. Cobbey, Replevin (2d ed.) § 1110; Wells, Replevin (2d ed.) § 771. If the statute prescribes the kind of judgment to be entered, as here, that must be the judgment of the court. The fact that in this case, by an arrangement between the sheriff and plaintiff, the horse was turned over to the latter, did not change the legal custody of the horse. It was still in the sheriff, and he was answerable to either party for its return upon the order of the court. So much of the judgment of the circuit court, therefore, as is in excess of a judgment for the return of the property from the sheriff and a judgment against the plaintiff for the damages found by both courts and costs is erroneous and is ordered stricken out. The judgment as so modified is affirmed, without costs, except that the respondent pay the clerk's fees in this court.

4. In view of the modification of the judgment as just stated the question of the value of the horse becomes immaterial.

*By the Court.*—Judgment modified as indicated in the opinion, and as so modified affirmed.