BARCLAY BRASS & ALUMINUM FOUNDRY, INC., Appellant,
v. RESNICK, Respondent.

*June 5—June 30, 1967.*

622

For the appellant there were briefs by *Whyte, Hirschboeck, Minahan, Harding & Harland,* attorneys, and *John P. Miller* and *Frederick A. Muth, Jr.,* of counsel, all of Milwaukee, and oral argument by *Mr. Miller* and *Mr. Muth.*

For the respondent there was a brief by *Howard & Peterman,* attorneys, and *Samuel Goldenberg* of counsel, all of Milwaukee, and oral argument by *Mr. Goldenberg.*

HEFFERNAN, J.

*Did the court err in denying plaintiff's election to*
*take judgment for the value of the property*
*rather than for possession?*

Sec. 270.59, Stats., provides:

"In any action of replevin judgment for the plaintiff may be for the possession or for the recovery of possession of the property . . . and when the property shall have been delivered to the defendant, under section 265.06, judgment may be as aforesaid or absolutely for the value thereof at the plaintiff's option, and damages for the detention. . . ."

Sec. 265.06, Stats., provides:

"At any time before the delivery of the property to the plaintiff, the defendant may, if he do not except to the sureties of the plaintiff, require the return thereof upon delivering to the sheriff a bond, executed by sufficient sureties, to the effect that they are bound in a sum double the value of the property . . . for the delivery thereof to the plaintiff, if such delivery be adjudged, and for the payment to him of such sum as may be recovered against the defendant. . . ."

It was this procedure that was followed in the instant case. The defendant elected to post the statutory redelivery bond in order to retain possession of the property pending the litigation. Despite the statutory direction, the trial judge in his memorandum decision of November 16, 1965, determined that the defendant's conduct in withdrawing the redelivery bond and waiving its right to restrain the sheriff from taking physical possession of the property barred the plaintiff from electing to take a money judgment rather than the return of the property. It appears from the record that the defendant gave notification by letter on December 16, 1964, that he had

canceled the redelivery bond when he sold the premises in which the subject property was located.

We conclude, however, that once the defendant has thwarted the replevin plaintiff's effort to secure the property by the posting of a redelivery bond, he cannot by any action thereafter defeat the plaintiff's right to elect to take judgment for the value of the property instead of its possession. Not only does the plain meaning of the statute compel this result, but the rationale upon which it is based must lead to the same conclusion. The plaintiff at the time he commenced his action was seeking the right to the possession of the property and to its immediate use. If, due to the defendant's invocation of the statutory right of redelivery, he is denied that redelivery and use, he may well have to materially change his position by the necessity of securing a similar chattel elsewhere. Once he has thus accommodated himself to the result of the defendant's decision to take redelivery, it would be highly inequitable to force upon him a chattel at the end of the litigation that he might no longer desire or need or for which he has secured a substitute. The statutes recognize that a judgment under those circumstances ordering the return of the property to the plaintiff might indeed be a costly victory and highly undesirable from the plaintiff's point of view. Thus, it is the statutory scheme to give the plaintiff the right to take the value of the property rather than its possession should he so desire at the termination of the litigation as an exchange for the defendant's right to retain possession upon posting a redelivery bond. The plain meaning of the statute also compels the conclusion that the plaintiff need not exercise his option until the action is ripe for judgment. In *Riess v. Delles* (1878), 45 Wis. 662, 665, this court stated:

"... we know of no provision that requires the plaintiff to exercise that option before the finding is made.

We suppose it is sufficient if he exercises his election when judgment is taken."

The *Riess* statement was reaffirmed in the recent case of *Associates Discount Corp. v. Mohs Realty* (1966), 32 Wis. (2d) 571, 579, 146 N. W. (2d) 417, this court stating therein, "The plaintiff was not obliged to exercise its option before judgment."

We therefore conclude that the defendant's election to retain possession vests the plaintiff with the option to take judgment for the value of the chattel rather than for its possession and that he may exercise such option at any time prior to the entry of judgment. The plaintiff's motion to take judgment for the value of the property rather than for its possession was a timely and proper exercise of his right of election.

*Can a replevin plaintiff who exercises the option to take the value of property claim damages for the deprivation of use during the period of detention or is he confined to the interest upon the value of that property during the period of detention?*

The plaintiff herein was awarded interest and not damages for the loss of the use of the equipment. The trial judge correctly stated the rule in his memorandum decision, holding:

"Plaintiff is not entitled to damages for loss of use of the equipment, not having shown that he was in the position to use the property and would have used it if it had not been detained."

The rule is stated in Wells, Replevin (2d ed.), p. 492, sec. 580:

"This rule, allowing the value of the use, is peculiar to the action of replevin. It grows out of the fact that

the plaintiff asserts his continued ownership in the property, and seeks to recover the property and not its value. . . . It only applies in cases where the party claiming the use is in a situation to use it, and has a right to use it, [citing *Barney v. Douglass*, 22 Wis. 464] and only applies to cases where the property can be put to use. It is for only the loss of the use of property which the party is in a situation to use, and can use, that the value of the use is allowed."

This rule and the general rules of damages from replevin actions are stated in McCormick, Damages (hornbook series), p. 477, sec. 125; Shinn, Replevin, p. 596, sec. 646; Cobbey, Replevin (2d ed.), p. 465, sec. 877, p. 471, sec. 887; 46 Am. Jur., Replevin, p. 77, secs. 141, 142. Wisconsin has long recognized these general rules. *Williams v. Phelps* (1862), 16 Wis. 83 (*80); *Pfeifer v. Layton Park Oil & Soap Co.* (1914), 159 Wis. 1, 149 N. W. 395; *Green Bay & Mississippi Canal Co. v. Kaukauna Water Power Co.* (1901), 112 Wis. 323, 87 N. W. 864; *Fernhaber v. Stein* (1923), 182 Wis. 61, 195 N. W. 906; *Klinkert v. Fulton Storage & Mercantile Co.* (1902), 113 Wis. 493, 89 N. W. 507.

We conclude, however, that the rule applied by the judge in this case was inappropriate and erroneous when applied to the situation where the plaintiff elected, and should have been permitted to take, the value of the property and not the return of the chattel. McCormick, Damages (hornbook series), p. 477, sec. 125, points out that:

"If, under the particular statute, the party who prevails has his choice between a judgment for the return of the property or a judgment for the value as of the time it was taken or first wrongfully withheld, and, if he elects to choose the latter, then it is usually held that the remedy chosen is in effect one for a conversion and that, following the rule in trover, only interest upon the value from the time of conversion is given, instead of compensation based upon hire or use."

Corpus Juris Secundum, 77 C. J. S., Replevin, p. 204, sec. 278, and American Jurisprudence, 46 Am. Jur., Replevin, p. 79, sec. 145, agree on this rule. The classic texts on replevin are in accord. See Shinn, Replevin, p. 589, sec. 637, Cobbey, Replevin (2d ed.), p. 467, sec. 881, Wells, Replevin (2d ed.), p. 455, sec. 520. The latter text points out the distinction between the common-law actions of replevin and trover.

"This distinction, however, exists, that in replevin the plaintiff asserts a continuing ownership in himself; he seeks a return of *his* goods, and damages for the interruption to *his* possession. In trover the plaintiff asserts that the defendant has converted the property to his own use; he therefore recognizes the transfer of the title to the defendant, and seeks simply a compensation for its value, not its return. It follows, that in trover the party can never recover for the use of the property, while it is equally clear that in replevin the successful party may, in many cases, be entitled to recover the value of the use of the property of which he has been wrongfully deprived. Again, in trover, the right of property, general or special, is always in question, while in replevin the right of possession may alone be in issue."

In the case of *Bigelow v. Doolittle* (1874), 36 Wis. 115, this court said that where a plaintiff in a replevin action elects to take the value of the property that the rule of damages applicable in trover is to be used. In the case of *Brewster v. Carmichael* (1876), 39 Wis. 456, 461, the Wisconsin court stated that:

". . . when, as in the present case, the property seized in replevin has been returned to the defendant, and the plaintiff takes judgment absolutely for the value thereof and damages for the detention, the action for replevin 'performs the functions and accomplishes the results of an action of trover,' and no good reason is perceived why, in such cases, replevin and trover are not concurrent remedies, governed by the same rules."

Inasmuch as the plaintiff elected to take the value of the property rather than possession, he can only claim as damages the interest upon its value.

There is not only precedent, but also logic and reasonable policy, behind this old rule. The defendant's election to retain the property during the pendency of the litigation gives the plaintiff (if he prevails) an absolute right to later elect to retroactively "sell" or transfer the title of the property to the defendant at a price based on value as of the time of detention. Once the plaintiff decides to treat his property as having been "sold" to the defendant, he cannot logically demand that he be compensated for not having been able to use the property in the interim. All the defendant then owes him is the purchase price of the property and the interest on the purchase price from the time of the original detention.

*Interest to be computed from the time*
*of the unlawful detention.*

It is undisputed, as the trial judge points out in his memorandum opinion, that the plaintiff was denied the use of the subject property from September 1, 1962. Nevertheless, the trial judge concluded that, inasmuch as no demand was made upon the defendant for the return of the property until the process was served upon him on November 7, 1962, it would be inequitable to assess interest for the period from September 1, 1962, to November 7, 1962. We conclude, however, that such conclusion is contrary to the general rule. In *Bigelow v. Doolittle, supra,* this court held that the plaintiff was entitled to interest upon the property from the time it was taken from him. In Cobbey, Replevin (2d ed.), p. 475, sec. 891, it is stated that:

"In the case of property having a rental value the successful party has a right to the value of this use from the time he was deprived of it . . . ."

46 Am. Jur., Replevin, p. 80, sec. 148, states that:

"The general rule in replevin is that damages will be the value of the property at the time of taking, with interest from that time . . . ."

We conclude, therefore, that interest should have been allowed from September 1, 1962, the date of the conversion.

### *Should the plaintiff have been allowed the taxation of his costs?*

Sec. 270.66, Stats., provides:

"Within 60 days after filing of a verdict on which the clerk is authorized to enter judgment without an order, or within 60 days after an order to enter judgment is filed, the successful party may tax costs and perfect the judgment and cause it to be entered and if he fails so to do the clerk of the court shall prepare and enter the proper judgment, but without costs. If there be a stay of proceedings after the filing of the findings or verdict, judgment may be perfected at any time within 60 days after the expiration of such stay. . . ."

The memorandum decision of the trial court was filed on November 16, 1965. On December 1, 1965, the plaintiff moved for judgment for the value of the property, rather than for its return as provided in the trial judge's memorandum decision. This motion was denied by the court's order on January 20, 1966. The circuit court held that the intervention of the motion did not operate as a stay of the proceedings and, therefore, the plaintiff's bill of costs filed on March 15, 1966, was not timely. We conclude that, in the instant case, the plaintiff, after the findings of fact and the conclusions of law by the trial judge, could make his election for the value of the property; and the plaintiff, by motion, properly made the election at that time. It is clear that in a replevin

action, when the plaintiff's election is made just prior to judgment, further judicial action is necessary and, accordingly, we hold the rule of *Dresser v. Lemma* (1904), 122 Wis. 387, 395, 100 N. W. 844, as being pertinent. We therein stated:

"This statute obviously can have complete application according to its terms only when the judgment follows the verdict or findings as a mere clerical act, so that the clerk can enter it without further judicial action."

The resolution of the plaintiff's motion required such further judicial action and, accordingly, the time for the taxation of costs did not commence to run until the judge's decision. It was error to deny the plaintiff his taxation of costs.

*By the Court.*—The judgment and order are reversed. The cause is remanded for the purpose of entering a judgment consistent with this opinion.