KORB, Receiver of Schroedel Construction Co., and another, Plaintiffs-Appellants, v. DICK R. SCHROEDEL, a/k/a Richard R. Schroedel, and another, Defendants-Respondents: LEPAK, Intervenor.

Supreme Court

No. 77–161. Submitted on briefs November 7, 1979.—Decided January 8, 1980.
(Also reported in 286 N.W.2d 589.)

208

For Thomas W. Korb the cause was submitted on the briefs of *Morton J. Schmidt, Gregory J. Rogaczewski* and *Morton J. Schmidt & Associates, Ltd.,* of Milwaukee.

For Francis J. Schroedel, Jr., the cause was submitted on the briefs of *Leonard W. Schulz* of Big Bend.

For the respondent, Dick R. Schroedel, the cause was submitted on the brief of *Glen B. Kulkoski* and *Carr, Kulkoski & Carr* of New Berlin.

WILLIAM G. CALLOW, J. These appeals are from a judgment for damages for wrongful detention of construction equipment. The judgment was awarded in favor of plaintiff Thomas W. Korb (Korb), Receiver of Schroedel Construction Company, a limited partnership. Korb had been appointed receiver of the partnership on February 9, 1976. Subsequent to the entry of judgment, Francis J. Schroedel, Jr., a limited partner in the Schroedel Construction Company (Schroedel Construction), was allowed to intervene in the action as a party-plaintiff for the purpose of appeal. He appeals from the judgment, complaining it fails to award adequate damages for the wrongful detention of the equipment by the defendants-respondents Dick R. Schroedel (Schroedel) and Theodore Fred Mazza (Mazza). Korb has appealed on the same issue. We affirm the judgment.

This action was commenced May 7, 1976, to replevy construction equipment owned by Schroedel Construction. The replevin trial was held on November 4-5, 1976, and the replevin judgment was entered July 5, 1977. At the time the replevin action was commenced, respondent Schroedel had actual possession, and respondents Schroedel and Mazza each claimed to have legal title and the right to possession of the equipment.

Schroedel Construction consisted of one general partner and several limited partners. The partnership agreement provided that only the general partner possessed the authority to transfer title to partnership property. Francis Schroedel, Sr., was the general partner and Schroedel was one of the limited partners.

Until 1975 the property in question was carried on the federal and state income tax returns of Schroedel Construction. The tax returns were prepared by a partnership accountant and signed by Schroedel. Late in 1974, Schroedel formed a new corporation called D. R. S. Land Development, Inc., and commenced operations in February of 1975, using the construction equipment. Schroedel was using the construction equipment in his own business in 1976 when the receiver moved the court for an order directing Schroedel and Mazza to immediately turn over possession of the equipment to Korb. Schroedel Construction never received compensation for the use of the equipment from Mazza, Schroedel, or D. R. S. Land Development, Inc.

In March and April of 1975, Schroedel had attempted to transfer by bills of sale the construction equipment to Mazza. Mazza paid no consideration for the transfer, and pursuant to an agreement between Mazza and Schroedel, Schroedel was allowed to keep possession of the equipment and use it for his own purposes. The court concluded that the bills of sale given Mazza by Schroedel were null and void.

On August 31, 1976, the court granted Korb's motion and ordered Schroedel to deliver the property to Korb before October 3, 1976. The bulk of the equipment was delivered to Korb at the end of November. The replevin trial was held on November 4–5, 1976. In a memorandum decision, the trial court found that the construction equipment was the property of Schroedel Construction and that Schroedel had used the property in his own

business without compensating Schroedel Construction for its use. Although Schroedel admitted he commenced use of the property in February, 1975, and had stipulated in October, 1976, that the fair rental value of the property was $5,000 per month, the trial court found him liable in a judgment dated July 5, 1977, for $15,000 in damages for the unlawful detention and use of the property during the three-month period following the replevin order. The court also found Schroedel liable for $7,066.57, representing the costs attendant upon repossession and sale.

Korb moved the trial court for an order amending the court's findings and conclusions of law to find Schroedel liable to Schroedel Construction for the use of the equipment for the months of April, 1975, through August, 1976, in the additional amount of $85,000 ($5,000 per month) and to find Mazza jointly and severally liable to Schroedel Construction in the amount of $85,000 for participating in the detention of the property. In an order for judgment, the trial court amended its findings and held Schroedel and Mazza jointly and severally liable to the receiver in the amount of $10,000 damages for unlawful detention of the property during the period April 1, 1975, through August 31, 1976. Later the same day the trial court heard Mazza's motion for further review of the proposed order, and a new order for judgment was filed. Pursuant to this order for judgment, Mazza was no longer liable for damages caused by unlawful detention, but Korb was allowed $50 motion costs against Mazza. Judgment was entered accordingly.

The issues presented are: (1) Did the trial court abuse its discretion in failing to award damages based on the stipulation for the entire period of the conversion? (2) Did the trial court err in failing to render a joint and several judgment against both defendants?

The appellants argue that the trial court failed to award damages to Schroedel Construction for the entire period of the conversion and detention of the construction equipment. They contend that the trial court should have found damages to be $5,000 per month for all the months the equipment was detained by Schroedel and Mazza. They note that Schroedel stipulated the amount of $5,000 to be the reasonable rental value of the property per month, and assert it therefore should be used to determine the damages in replevin.

In *Barclay Brass & Aluminum Foundry v. Resnick*, 35 Wis.2d 620, 627, 151 N.W.2d 648 (1967), this court noted that a replevin plaintiff is not entitled to damages for loss of use of his property absent a showing that he was in the position to use the property and would have used it if it had not been detained. This rule and the general rules of damages are stated in several texts dealing with replevin: Cobbey, *The Law of Replevin,* sec. 897 at 478 (2d ed. 1900) ("The party claiming the use must show that he was in a position to use it, and that he had a right to use it, and would have used it if not interfered with by the unlawful taking.") ; Shinn, *Replevin,* sec. 646 at 597 (1899) ("The damages for the use of the property can not be recovered unless the party shows that the property has a usable value, and that he was in a position to use it, and was prevented from doing so by the wrongful detention of his adversary.") ; Wells, *The Law of Replevin,* sec. 580 at 492–93 (2d ed. 1907) ("This rule, allowing the value of the use . . . only applies in cases where the party claiming the use is in a situation to use it, and has a right to use it, [citing *Barney v. Douglass,* 22 Wis. 443 (*464)] and only applies to cases where the property can be put to use."). Wisconsin has long recognized this general rule. In *Klinkert v. Fulton Storage & Mercantile*

*Co.,* 113 Wis. 493, 502, 89 N.W. 507 (1902), the court stated: "The party claiming the use must show that he was in a position to use it, and that he would have used it. It is only for the loss of the use of property which the party is in a situation to use and can use that the value of use is allowed."

Schroedel contends there is no evidence in the record supporting the proposition that Schroedel Construction had plans to use the construction equipment or were in a position to use the equipment. Korb replies that the evidence shows the receiver decided that it was in the partnership's best interests to allow Schroedel's and Mazza's continued use of the equipment and negotiate a reasonable rental for the equipment.

In considering these positions, we recognize that findings of fact made in trials to the court "shall not be set aside unless clearly erroneous." Sec. 805.17(2), Stats. Facts which are stated in a trial court's memorandum decision will be accorded the same weight as if contained in formal findings. *Hochgurtel v. San Felippo,* 78 Wis.2d 70, 86, 253 N.W.2d 526 (1977); Sec. 805.17(2), Stats. Findings of fact will be sustained on appeal unless they are against the great weight and clear preponderance of the evidence. Reversal is not required if there is evidence to support a contrary finding. "Rather, to command a reversal, such evidence in support of a contrary finding must itself constitute the great weight and clear preponderance of the evidence." *Cogswell v. Robertshaw Controls Co.,* 87 Wis.2d 243, 249–50, 274 N.W.2d 647 (1979).

Applying these standards, we conclude that the trial court's determination that Schroedel Construction was not entitled to the full rental value of the property for the period April, 1975, through August, 1976, nor en-

titled to damages for February and March, 1975, is not against the great weight and clear preponderance of the evidence. The record reveals the partnership ceased operation in December, 1974, and the receiver was not appointed until February, 1976. There is no evidence to show that Schroedel Construction was in a position to use the construction equipment during the entire period, February, 1975, through August, 1976, and that the property would have been used had it not been unlawfully detained. Nor is there evidence showing that the receiver or Schroedel Construction had considered or made a decision to rent the property. The appellants' reliance on *Fernhaber v. Stein,* 182 Wis. 61, 195 N.W. 906 (1923), is misplaced. In that case the trial judge acknowledged evidence of the existence of rental use, stating that the detained property, a truck, "was capable of use as an independent article and as such had a distinct rental value as established by the evidence." Cases and Briefs, Vol. 1473, Case at 17.

The appellants contend that the trial court erred by failing to hold Mazza jointly and severally liable for the wrongful detention of the property. The trial court specifically found that Mazza "never received the assets nor did he pay for the assets." The trial court further found that Schroedel had not sold the property to Mazza and that Schroedel never intended that title to the property transfer to Mazza. Instead, Schroedel used the property in his own businesses until ordered to turn over the property to the receiver. The trial court's determination that Mazza was not liable for damages for detention of the property is not clearly erroneous.

*By the Court.*—Judgment affirmed.