## NICHOLS et al. v. WEBSTER.

1. CHATTEL MORTGAGE.—The mortgagee of chattels, after the mortgage falls due, is invested with the entire right in the chattels, and may reduce the same to possession; and he is not bound to make a sale in order to perfect his title at law.

2. SAME—TRESPASS.—Where, after default, the mortgagor brings an action against the mortgagee, for reducing the property to possession, it can not be maintained, all the right remaining in the mortgagor being a mere equity of redemption.*

3. PLEADING—EVIDENCE.—In an action against a mortgagee, for entering upon the mortgagor's premises and taking and carrying away the mortgaged chattels, the defendant, under the plea of the general issue, give the mortgage in evidence, and show that default of payment had been made at the time of the taking, which will be a complete defense to the action.

(1 *Chand.* 203.)

ERROR to the Circuit Court for *Racine* County.

This was an action of trespass, brought by the defendant in error against the plaintiffs in error, for taking certain goods and chattels which had been mortgaged by the defendant in

error to the plaintiffs in error. At the expiration of the time fixed for the payment of the sum secured by the mortgage, the plaintiffs in error, without the consent of the defendant in error, took the goods and chattels mortgaged into their possession, and upon this state of the case the action was brought against the plaintiffs in error, who pleaded to the declaration the general issue.

On the trial of the cause at the circuit, the plaintiffs in error offered in evidence the mortgage held by them upon the goods and chattels in question, to which an objection was raised by the defendant in error. The presiding judge sustained the objection, and the evidence was rejected upon the ground that, by a stipulation of the mortgage, the mortgagee should pay over to the mortgagor, the plaintiff below, the proceeds arising from the sale of the mortgaged property, after paying the mortgage debt and the costs of sale.

It was also objected by the plaintiff below, on the trial, that the defendants below could not, under the plea of the general issue, introduce evidence of their claim of title to the property; but this ruling had in view the fact before stated, that the plaintiff below had a residuary interest in the mortgaged property, notwithstanding the forfeiture by the expiration of the time of payment of the mortgage.

The plaintiffs in error excepted to the determination and ruling of the judge, in both the particulars before mentioned, and the cause came to this court principally upon those exceptions. The jury, under the instruction of the judge, found a verdict for the plaintiff below, upon which judgment was rendered.

*F. S. Lovell,* for plaintiffs in error, insisted, that the interest of the mortgagees, the plaintiffs in error, became absolute in the mortgaged property, and forfeited to them on the mortgage falling due, and to this point cited 8 Johns. 96 ; 7 Cow. 290 ; 9 Wend. 80 ; 6 Shep. 356 ; 12 Wend. 61 ; 1 Hill, 473 ; 2 Denio, 170 ; 3 id. 33 ; 9 Wend. 258 ; 2 Wheel. Ch. Dig. 238.

It was also insisted, on the same side, that the plea of the general issue was an appropriate plea where the property of the thing in dispute was in the defendant, and to that point cited 1 Chitty's Plead. 491, 292, 293 ; 2 Saund. Plead. & Ev. 856 ; 2 Greenl. § 625 ; and that the party could show property in himself under that plea, he cited 2 Phill. Ev. 192.

*Chatfield & A. D. Smith,* on the part of the defendant in error, claimed that, admitting the property mortgaged to have become absolute in the mortgagee, yet the absolute claim of the mortgagee could not be shown under the plea of general issue ; that a party having the possession of personal property is *prima facie* the owner, and that the assertion of a claim upon such property by a mortgagee to whom the property has become forfeited, cannot be shown under the general issue, and to this point cited 3 Chitty's Prac. 728 ; Arch. Nisi Prius, 363 ; 2 Car. & P. 232 ; 25 Eng. C. L. 372 ; 2 Camp. 378, 500 ; Saund. Plead. & Ev. 856 ; Graham's Prac. 236 ; 1 Caines, 253 ; 11 Johns. 32 ; 7 Cow. 35 ; 10 Wend. 110 ; that the first count of the declaration was in trespass, for breaking and entering the plaintiff's door, and the second, *quare clausum fregit,* with an allegation of taking and carrying away the goods in question, etc ; that in order to justify an entry into the store of the plaintiff below, it was necessary to plead specially a justification, and that such justification could not be given in evidence under the general issue, and to this point cited 6 Johns. 5.

WHITON, J.   The question in this case arises upon my decision in ruling out the chattel mortgage of the goods alleged to have been taken by the plaintiffs in error, and for the taking of which the suit is brought.   The plea was the general issue, and when the mortgage was offered in evidence by the plaintiffs in error, the defendants below, I was of opinion that the plaintiff below, the mortgagor, had a legal interest remaining in the goods mortgaged, after a breach of the condition, ac-

cording to the stipulation contained in the mortgage; that *Nichols*, the mortgagee, should pay over to *Webster*, the mortgagor, the proceeds arising from the sale of the mortgaged goods, after paying the mortgage debt, expenses of sale, etc., and consequently rejected the evidence. But I am now of the opinion that the mortgagee was not obliged to foreclose the mortgage by a sale of the goods, and that his right to them was not at all affected by the clause of the mortgage in question. It follows, then, that when the condition of the mortgage was broken, by the neglect of *Webster* to pay the money at the time stipulated, the goods became the property of *Nichols*, the mortgagee, *Webster*, the mortgagor, having no interest in them, except an equity of redemption. The cases cited by the counsel for the plaintiffs in error clearly maintain this position, of the correctness of which there was indeed no doubt, if the mortgage was not affected by the clause above alluded to. It is clear, that in actions of trespass the defendant may show, under the plea of the general issue, that he is the owner of the property. 2 Greenl. Ev. 625. It follows, then, that the mortgage in question (showing, as it did, that the condition had been broken when the goods were taken, and consequently that the mortgagee, the defendant below, was the absolute owner in law of the property) should have been received and read in evidence to the jury.

It was rejected, and for that reason the judgment which was rendered against the defendants must be reversed.

Judgment of the circuit court reversed, with costs.

---

\* A mortgagee of personal property, who sells the same after default, under a power of sale contained in the mortgage, is accountable to the mortgagor for the surplus, after the debt, costs and expenses are paid. *Flanders v. Thomas*, 12 Wis. 410.