FLANDERS VS. THOMAS.

A mortgagee of personal property who sells the same after default, under a power of sale contained in the mortgage, is accountable to the mortgagor for the surplus, after the debt and all reasonable costs and expenses are paid.

ERROR to the Circuit Court for *Sauk* County.

The facts in this case are sufficiently stated in the opinion of the court.

*J. Mackey*, for plaintiff in error.

*H. W. Clark*, for defendant in error.

July 31.    *By the Court,* COLE, J.    This action was brought to recover the surplus moneys claimed to be due on the sale of a lot of logs, mortgaged by *Flanders* to *Thomas*, after the mortgage debt and costs were satisfied and discharged. The chattel mortgage was in the usual form, and contained a clause authorizing the mortgagee, on non-payment of the sums therein secured to be paid, as they became due, to take possession of the mortgaged property, and sell the same at public or private sale, after giving ten days notice of the time and place of such sale, and apply the proceeds to the payment of the notes, returning the residue to the mortgagor, after paying all reasonable costs and charges. Two of the notes secured by the mortgage, one for $159 31, the other for $58 43, were returned by the mortgagee to the mortgagor, as paid. The maker or mortgagor paid nothing upon the notes otherwise than by giving the mortgage. The mortgaged property was sold by the mortgagee, and prior to the commencement of this suit, *Flanders* demanded of *Thomas*, the surplus money arising on such sale, over and above the amount secured to be paid on the mortgage. The circuit court instructed the jury that, on default of the payment of the money by *Flanders* at the time specified in the mortgage, the property became absolutely the property of the mortgagee, and that he was not answerable to the mortgagor for any part of the proceeds of such sale ; and directed the jury to find for the defendant. The chattel mortgage bore date October 8th, 1857, and was given to secure the payment of

the sum of $420 74, with interest at 10 per cent. per annum, as follows: the sums of $159 31, and $58 43, in thirty days from the first day of October, 1857, according to two notes dated the day last aforesaid, and the sum of $203 in thirty days from the date of the mortgage. The mortgagee took possession of the property, and sold it on the 8th day of January, 1858, for $900.

The law appears to be well settled, that the execution of a chattel mortgage transfers to the mortgagee a defeasible title to the mortgaged property, which becomes absolute *at law* by the failure to pay the debt at the stipulated time. But notwithstanding the mortgagor is divested of all interest in the property at law, he still has an equity of redemption, which a court of equity would protect and enforce. *Nichols et al., vs. Webster*, 1 Chand. R., 203 ; 2 Story's Eq. Jur., § 1031; *Hart vs. Ten Eyck et al*, 2 John. Ch. R., 62–99 : *Kemp vs. Westbrook*, 1 Vesey Sen., 278; *Charter vs. Stevens*, 3 Denio, 33 ; *Patchin vs. Pierce*, 12 Wend., 61. The mortgagor, it is said, must bring his bill to redeem within a reasonable time, and before his rights have been foreclosed by a sale of the property on the part of the mortgagee. 4 Kent, 139 ; Story on Bail., § 287, and authorities in the notes. If, however, the mortgagee sells the property, he is accountable to the mortgagor for the surplus after the debt, and all reasonable costs and expenses, are paid. *Charter vs. Stevens, supra ; Bryan and Richardson vs. Robert*, 1 Strob. Eq. R., 342–3 ; *Hinman vs. Judson*, 13 Barb. S. C. R., 629. And in the case of *Pettibone et al. vs. Perkins*, 6 Wis., 616, this court decided that when at a public sale, held by the mortgagee to foreclose the equity of the mortgagor in a chattel mortgage, there was collusion between the mortgagee and a third person, by which the latter was to bid off the property for the use of the mortgagee, such sale was void, and the mortgagor was entitled to an account of one-half of the earnings of the vessel, and of one-half of the sum for which the vessel had been sold. This case establishes the doctrine that a mortgagee of personal property, who, upon default, takes possession of such property and sells the same, is liable to account to the mortgagor for any surplus over and above satisfying

the mortgage debt. And it will be observed that this is precisely what the mortgage provides should be done in the present case. The mortgagee is authorized, on non-payment of the sums therein specified, to take possession of the property, and sell the same at public or private sale, after giving ten days notice of the time and place of such sale, and to apply the avails of the property to the payment of the debt, *returning the residue* to the mortgagor, after paying all reasonable costs and charges. Here the mortgagee proceeded under the mortgage, and within two months after the same became due, and while the mortgagor had the undoubted right to redeem, raised the amount due him by a sale under this power. His debt is paid. What right has he to withhold the residue, contrary to the terms of the mortgage, and to all principles of equity and justice?

It has been intimated that there was something in the case of *Nichols et al. vs. Webster*, 1 Chand., 203, in conflict with this doctrine, but we do not so understand that case. There a mortgagor of personal property brought an action of trespass against the mortgagee, who had taken the property into his possession after the mortgage debt became due. The court held that the action would not lie, for the reason that when the condition of the mortgage was broken by the neglect of the mortgagor to pay the money at the time stipulated, the goods became the property of the mortgagee, the mortgagor having no interest in them except an equity of redemption. This is in harmony with all the decisions upon this subject, a great number of which have already been cited in this opinion, which hold that after default in the payment of the money secured by the mortgage, the title to the mortgaged property becomes absolute at law in the mortgagee, and that the mortgagee has a right to reduce it to possession. But at the same time it is asserted, that in equity the mortgagor, upon well settled principles, has a right to redeem upon paying the mortgage debt, providing he does so within a reasonable time, and before his right has been foreclosed by a legal sale of the property. But when the mortgagee proceeds to sell the property, and has raised a sufficient amount to pay his debt and all reasonable expenses,

we do not see any reason why he should not account to the mortgagor for any surplus arising from the sale.

It follows from this view that the instruction of the circuit court was erroneous, and calculated to mislead the jury, to the prejudice of the plaintiff in error.

The judgment of the circuit court is therefore reversed, and a new trial ordered.

DIXON, C. J., did not sit in this case.