## SMITH vs. COOLBAUGH and another.

*General exception to several findings.*—CHATTEL MORTGAGES: *Junior mortgage made after default on senior mortgage—Right of junior mortgagee to redeem.*

1. Where there are several findings of fact, and a conclusion of law therefrom, a general exception to the whole presents no question of fact for review.
2. The owner of chattels in possession, has a mortgageable interest in them after default on a prior mortgage, and before sale.
3. The junior mortgagee in such a case has a right to redeem before sale under the prior mortgage.

APPEAL from the Circuit Court for *Winnebago* County.

Action by a second mortgagee of chattels against *Blake*, the mortgagor, and *Coolbaugh*, the assignee of a prior mortgage, to redeem. The first mortgage was made in January, 1862, to one Rowley, to secure the payment of $8.40 in three months from date, and the costs of a certain suit in which Rowley had become security for *Blake*. The mortgage declared that in case of default, Rowley or his assigns might take possession of the property, and sell &c.; and also that if at any time he should deem himself insecure he might seize and sell upon notice. This mortgage was filed about the time of its execution. Rowley never paid any costs in said suit. The $8.40, above mentioned, with interest thereon, remained unpaid at

the commencement of this action. On the 25th of April, 1862, *Blake* executed a second mortgage of the same property to plaintiff, to secure the payment of $75, with interest, by October 11, 1862. The complaint alleges, and the answer denies, that said mortgage was duly filed on the day of its execution, and that on the 11th of October following, the condition thereof was broken, the sum secured thereby remaining wholly due and unpaid. The property still remaining in *Blake's* possession, plaintiff, on the 16th of October, seized the same, and advertised it for sale at public auction to satisfy his claim. On the 23d of the same month, *Coolbaugh*, who had taken an assignment of Rowley's mortgage, seized the property under that mortgage. Plaintiff, on the same day, offered *Coolbaugh* $15 in payment of the sum due on the mortgage, with all costs and charges due thereon, and·requested him to receive the same, and deliver the property to plaintiff, which he refused to do. The answer of *Coolbaugh*, in addition to the denials above mentioned, alleges, 1. That on the 13th of October, 1862, he purchased of *Blake* his right of redemption in said property, and by virtue of such purchase, as well as of the assignment to him of Rowley's mortgage, he held the property. 2. That to obtain possession he necessarily incurred certain specified charges, amounting to $11.37. 3. That $9 had been paid in cash on plaintiff's mortgage, and that plaintiff had become indebted to *Blake* for various specified articles, amounting to more than $100. 4. That since October 16, 1862, plaintiff had seized and now held property of *Blake* amounting to $125.

A motion by defendants for judgment on the pleadings for the reason that the plaintiff " had not replied to the counterclaim set up in the answer," was denied. Defendant objected to the introduction of any evidence under the complaint, on the ground that it did not state a cause of action : 1. Because it did not show a right of redemption. 2. Because it showed that the mortgage debt to *Coolbaugh* was due, and the title to

the property in him perfect, before the mortgage to *Smith* was given. 3. Because the mortgage to *Smith* was a sale of the property, and not of the right of redemption. Objection overruled.

The court found upon the evidence that there was due on *Coolbaugh's* mortgage, October 23, 1862, $15; that there was due *Smith* on the same day a large sum on his mortgage; that *Smith* had tendered *Coolbaugh* said sum of $15 on that day, and on his refusal thereof had paid the same into court; and held that plaintiff was entitled to judgment in accordance with the prayer of the complaint. Defendants excepted generally to the finding of facts and conclusion of law; and appealed from the judgment.

*C. Coolbaugh*, for appellants:

After condition broken, the mortgagee of chattels becomes the absolute owner, and the mortgagor has no interest which he can again mortgage. *Ackley v. Finch*, 7 Cow., 290; *Nichols v. Webster*, 1 Chand., 203; *Brown v. Bement*, 8 Johns., 96; *Flanders v. Thomas*, 12 Wis., 410; *Hill v. Beebe*, 3 Kern., 556–65; *Langdon v. Buel*, 9 Wend., 83; *Patchin v. Pierce*, 12 id., 61; *Fuller v. Acker*, 1 Hill, 473; *Burdick v. McVanner*, 2 Denio, 170; *Charter v. Stevens*, 3 id., 33; *Butler v. Miller*, 1 Coms., 496; *Sumner v. Batchelder*, 30 Me., 39; *Thornhill v. Gilmer*, 4 S. & M., 163; 2 Hilliard on Mort., 478 et seq. Some of these cases hold that the mortgagor may redeem upon suit instituted within a reasonable time after condition broken. But these are mere *dicta*, arising from a neglect of the distinction between a *mortgage* and a *pledge*, and not resting either upon reason or upon well considered cases. Crocker on Sheriffs, §§ 449–50; 2 Hilliard on Mort., App. 1; *Wood v. Dudley*, 8 Vt., 435; *Hill v. Beebe*, 3 Kern., 556–65. But if we are wrong in this, *Blake* had nothing left but a dormant right of redemption; and that he transferred to *Coolbaugh*. It was at most only a naked right, not operative nor transferable, until declared to exist by the

creative power of a court of equity. An execution against *Blake* would not have reached it; but one against *Coolbaugh* would have done so. Crocker, § 450; *Mattison v. Baucus,* 1 Coms., 295; *Moak v. Bourne,* 15 Wis., 514; *Eggleston v. Mundy,* 4 Gibbs, 295. Counsel also argued that the court erred in the admission and exclusion of evidence, and in the finding of facts.

*Felker & Weisbrod, contra,* cited Story on Bailments, § 287; Story's Eq. Jur., § 1031; 13 Barb., 629, and cases there cited; 12 Wend., 61; 9 Porter (Ala.), 475; 3 Denio, 33; 3 Wis., 241; 13 id., 172; 12 id., 410; 2 Hilliard on Mort., 353. To the point that the exceptions were not sufficiently specific to present any question for review, they cited 33 N. Y., 83; 18 Wis., 528.

COLE, J. In this case the appellant filed a general exception to the facts found by the court, and to the conclusion of law therefrom. There were three separate and distinct findings upon questions of fact, and a general conclusion of law from the facts found. Under the practice of this court, the exception is too general to authorize us to review the evidence. The cases of *Taft v. Kessel,* 16 Wis., 273, and *Gilman v. Thiess,* 18 id., 528, are clear and decisive upon the question of practice. And the adjudications are equally clear and emphatic in New York, that upon a general exception of this kind the court will not go into a review of questions of fact, but that the party excepting must take his objection in a more specific manner, so as to point out the particular error of which he complains. *Newell v. Doty,* 33 N. Y., 83.

The action is brought by a junior mortgagee of personal property, to redeem from the assignee of a prior mortgage. And a question is made, whether a right of redemption exists after breach of the condition. The law is well settled that such right of redemption exists, even after default, and before it has

been foreclosed by sale.  Mr. Justice STORY, in his work on Equity Jurisprudence, vol. 2, § 1031, says: "In mortgages of personal property, although the prescribed condition has not been fulfilled, there exists, as in mortgages of land, an equity of redemption, which may be asserted by the mortgagor if he brings his bill to redeem within a reasonable time." This doctrine has been expressly asserted or impliedly admitted in several cases which have come before this court, and it is abundantly sustained by authority.  *Flanders v. Thomas*, 12 Wis., 410.  There is no reason why the junior mortgagee should not have the same right.  His equity is as strong as that of the mortgagor, and he ought to be entitled to the same right of redemption from a prior mortgage.  In this case, however, the second mortgage was not given until after the first became due.  But the mortgagor was in possession of the property, and he undoubtedly had an interest therein which he could mortgage.  See *Saxton v. Williams*, 15 Wis., 292.  It is claimed that he had no mortgageable interest, because the title to the property, on default, had become absolute at law in the first mortgagee.  But still, as just observed, he was in possession, and had the right to redeem until this right was foreclosed by a sale, or perhaps by lapse of time.  We have no doubt but he had such an interest as was the subject of sale or mortgage.

It is further insisted that the court should have granted judgment on the answer, because it was not replied to.  The matters contained in the answer are not set up as counterclaims, but are relied on as payments on the second mortgage. In this view, it was not necessary to traverse them.  It was clearly incumbent upon the appellant to show that the goods and work mentioned in the answer were sold to and done for the respondent, to be applied on his mortgage.  This would sustain the answer, and show that the mortgage had been discharged.  But there was no error in denying the application for judgment on the answer.

This disposes of all the material questions in the case.

*By the Court.*—The judgment of the circuit court is affirmed.