SMITH VS. PHILLIPS.

CHATTEL MORTGAGE: REPLEVIN. *(1) Whether mortgagor can replevy goods after condition broken. (2) Extent of judgment in replevin, for mortgagee.*

1. Where the mortgagee of chattels takes possession after condition broken, the mortgagor, who has subsequently tendered the sum due on the mortgage, but has not kept the tender good by paying the money into court, cannot maintain replevin for the property. [But whether payment of the money into court would enable him to maintain the action, is not determined.]

2. The mortgagee from whom chattels have been wrongfully replevied, is entitled to judgment for their return, with any damages suffered from the taking, or for the amount of the mortgage debt; but cannot have judgment for the full value of the property, if that exceeds the mortgage debt and costs.

APPEAL from the Circuit Court for *Oconto* County.

Replevin. Plaintiff appealed from a judgment against him. The case will appear from the opinion.

For the appellant, there was a brief by *A. Reinhart*, his attorney, and *Tracy & Bailey*, of counsel, and oral argument by *Mr. Tracy*. They contended that, when the mortgagor tenders, and the mortgagee refuses, the amount of the mortgage debt, the lien of the mortgage is discharged, though the debt remains. Herman on Chat. Mortg., 468, 471, and cases cited in note 1, p. 46; *Legro v. Lord*, 10 Me., 161; *Spaulding v. Barnes*, 4 Gray, 330; *Jackson v. Crafts*, 18 Johns., 110; *Arnot v. Post*, 6 Hill, 65; *Hunter v. Le Conte*, 6 Cow., 728; *Farmers' Ins. Co. v. Edwards*, 26 Wend., 541; *Kortright v. Cady*, 21 N. Y., 343; *Doane v. Garretson*, 24 Iowa, 351; *Moynahan v. Moore*, 9 Mich., 9; *Van Brunt v. Wakelee*, 11 id., 177; *Caruthers v. Humphrey*, 12 id., 270; *Van Huson v. Kanouse*, 13 id., 303; *Flanders v. Chamberlain*, 24 id., 305; *Eslow v. Mitchell*, 26 id., 503. There are cases which hold that, in the case of a *chattel* mortgage, the payment must be accepted in order to have this effect. So there are numerous *old* cases holding the same doctrine as to *real-estate* mortgages; but these are opposed to the whole current of modern authorities; and there is no logical reason for distinguishing between real-estate and chattel mortgages in this respect.

*W. H. Webster*, for the respondent:

After a default, the mortgagor of chattels has no legal interest in them, but merely an equity of redemption. *Nichols v. Webster*, 1 Chand., 203; *Flanders v. Thomas*, 12 Wis., 410–11. Even the mortgagor of *land* cannot maintain ejectment against the mortgagee in possession after default, but must bring his bill in equity to redeem. *Gillett v. Eaton*, 6 Wis., 30; *Tallman v. Ely*, id., 244; *Stark v. Brown*, 12 id., 572; *Hennesy v. Farrell*, 20 id., 42. Replevin bears the same relation to personal property that ejectment does to real. In *Musgat v. Pumpelly*, 46 Wis., 660, this court held that where the mortgagor of chattels, *remaining in possession* after default, tenders the amount of the mortgage debt and costs *before any demand* of possession has been made by the

mortgagee, he may defend his possession on that ground, in replevin by the mortgagee, if the tender is kept good by *bringing the money into court.* This is equivalent to holding that if the tender had not been made until after demand by the mortgagee for possession, and still more if not made until after the mortgagee had obtained possession, the mortgagor must look to a court of equity for his remedy. But however that may be, plaintiff, not having brought or offered to bring the money into court, cannot be benefited by his tender. 5 Clark (Iowa), 460–481; 1 Head, 19; 5 Harrington (Del.), 17; 24 Ga., 211; 16 Tex., 461; 11 Ind., 532; 25 Pa. St., 354; 7 B. Mon., 279; 2 Gilm., 679; 2 Denio, 196, 344; 23 Barb., 490; 7 Paige, 344; 26 Wend., 541; *Kortright v. Cady,* 21 N. Y., 343; *Breitenbach v. Turner,* 18 Wis., 140.

COLE, J. This is an action by the mortgagor to recover possession of certain personal property. The defendant took possession of the property under a chattel mortgage, after default and condition broken. On the same day the plaintiff tendered to the defendant the amount due on the mortgage, with interest, and demanded the property, which amount the defendant refused to receive, and to deliver up the property, until another claim which he held against the plaintiff was paid. This action of replevin was at once commenced, the plaintiff claiming that the tender and refusal had the effect to extinguish the lien, and reinvest the title to the property in him. On the other hand it is claimed that after the default, where possession was taken under the mortgage, the title at law became absolute and perfect in the mortgagee; the plaintiff only having the right of redemption in equity, or the right to the surplus after sale and satisfaction of the mortgage debt and costs. *Flanders v. Thomas,* 12 Wis., 410. These adverse claims in respect to the rights of the mortgagor and mortgagee upon the tender and refusal, where possession has been taken by the mortgagee upon condition broken, raise a very interesting

question, and one, so far as we know, which has never been directly passed upon in this court.

The doctrine of this court, as announced in many cases which have come before it, is that a chattel mortgage vests in the mortgagee a defeasible title in the mortgaged property, which becomes absolute at law on failure to pay at the stipulated time. But, while this is so, this court at the same time has affirmed the right of redemption in equity of the mortgagor, notwithstanding the forfeiture. But we have never had occasion to consider whether a tender after default, where possession had been taken by the mortgagee, has the effect to discharge the lien and revest the legal title in the mortgagor. The recent case of *Musgat v. Pumpelly*, 46 Wis., 660, was an action by the mortgagee against the mortgagor to recover possession of the mortgaged property. The defendant had remained in the possession of the property, and set up as a defense a tender of the amount of the mortgage debt, made after condition broken. It appeared that the defendant had kept the tender good by bringing the money into court. This court was inclined to the opinion that where there was a tender before a demand of possession was made by the mortgagee, this would constitute a good defense at law, on the ground that acquiescence by the mortgagee in the continued possession of the mortgagor, without any assertion of right on his part, must be deemed a waiver by the mortgagee of the strict legal forfeiture, according to the conditions of the mortgage; and that a tender before demand of possession has the same effect in law as though made on the day the money became due. At all events it was said that these facts offered a good equitable defense to an action by the mortgagee to recover possession, where the tender was kept good by the money being brought into court.

But the facts of the case before us are quite different from those appearing in the Musgat case. Here the mortgagee has asserted his right under the mortgage by taking possession of

the mortgaged property on default. He is acting on the defensive, claiming to be the owner, and insisting upon all his rights under the mortgage. It is obvious that the plaintiff cannot recover in this action unless the effect of the tender, at the time and in the manner it was made, discharged the lien of the mortgage and reinvested him with the legal title. We are quite well satisfied that no such consequences resulted under the circumstances from the tender which was made. The tender has not been kept good by bringing the money into court.

In analogy to the rule laid down in some cases relating to real-estate mortgages, it is said that it was not necessary to bring the money into court in order to extinguish the lien of the mortgage; that where the only effect of a tender unaccepted is to discharge the lien, and not operate in the way of payment of the debt, it is not essential that the tender be kept good by bringing the money into court. But the strong intimation in the Musgat case is otherwise. There it was said " that a tender made by the mortgagor after condition broken, he being in possession of the mortgaged property, and keeping the tender good by bringing the money into court when the mortgagee brings the action," would amount to an equitable defense to such action; and we are very clear that nothing short of this will discharge the lien of a chattel mortgage after forfeiture, and reinvest the title in the mortgagor, where possession has been taken by the mortgagee. But we studiously and carefully refrain from expressing any opinion upon the question whether, even in such a case, if the mortgagor make a proper and sufficient tender, and keep it good, this will discharge the lien and be deemed equivalent to payment or tender according to the condition of the mortgage. It will be time enough to decide that question when a case arises which fairly presents it upon the record. We consequently hold that what was done by the mortgagor in this case did not have the effect to discharge the lien of the mortgage and reinvest the plaintiff with the title of the property.

Smith vs. Phillips.

In this case the plaintiff had taken the property, and retained it during the pendency of the suit. The court below found that the defendant was the owner thereof at the commencement of the action, and entitled to the possession; that the plaintiff wrongfully took and retained possession of the same; that the property was of the value of $1,000; and that the defendant's damage by reason of the wrongful taking and detention was fifty dollars. It was admitted that the amount due on the mortgage was $442.95. The defendant had judgment for the immediate return and delivery of the property to him, and for fifty dollars damages for the taking and detention. In case a delivery of the property could not be had, the defendant had a judgment against the plaintiff and his sureties on the undertaking, for the value of the property, to wit, $1,000, and fifty dollars damages for the taking and detention. The latter clause of this judgment is clearly erroneous. The defendant had his election, under the pleadings, to a judgment for a return of the property and the damages assessed for its taking and detention, or a judgment for the amount due on his mortgage, together with interest and costs. But in taking the alternative judgment, although the legal title to the property was in him, he could only recover to the extent of his mortgage lien, together with interest and costs; and, as his special interest was less than one-half of the value of the property, he had no right to a judgment for its full value. *Burke v. Birchard, ante*, p. 35. It seems to us it would be unjust to allow him to take a judgment in the alternative for a greater amount than his mortgage debt, together with interest and costs.

*By the Court.* — The judgment of the circuit court is reversed, and the cause is remanded with directions to that court to enter a modified judgment in conformity to this opinion.