ELLIS M. LATHROP v. GEORGE E. CHENEY.

[FILED APRIL 30, 1890.]

1. **Chattel Mortgage:** EQUITABLE FORECLOSURE. After a debt secured by a chattel mortgage becomes due, the mortgagee is entitled to the possession of the mortgaged property and may maintain an action of replevin to recover the same, but after a judgment in his favor for the possession, unless there is a special finding as to his interest, he is liable to account to the mortgagor, and if more has been received for the property than the amount of the debt, an action will lie to recover the same.

2. ———: ———: ACCOUNTING: JUDGMENT IN REPLEVIN NOT A BAR. Where mortgagee, after an alleged default in the payment of the debt, takes possession of the mortgaged property and afterwards, when an action of replevin is brought by the mortgagor, is adjudged to be entitled to the right of property and right of possession thereof, there being no finding as to his special interest under his mortgage, the judgment will not bar an action for an accounting for the proceeds of the property mortgaged.

ERROR to the district court for Knox county. Tried below before POWERS, J.

*H. M. Uttley,* for appellant, cited, on the point that the judgment in replevin was not a bar to the action for an accounting: *Cromwell v. Sac Co.,* 94 U. S., 351–6; *Lord v. Chadbourn,* 42 Me., 429 [66 Am. Dec., 290]; *Russell v. Place,* 95 U. S., 606; *Homer v. Brown,* 16 How. [U. S.], 353–6; *Cheney v. Cooper,* 14 Neb., 418; *Packet Co. v. Sickles,* 5 Wall [U. S.], 529; *Porter v. Wagner,* 36 O. St., 471; Wells, Res Adjudicata, secs. 3, 13, 14, 215, special 216; *Lawrence v. Hunt,* 10 Wend. [N. Y.], 85; *Jones v. Underwood,* 35 Barb. [N. Y.], 211; *Miller v. Naus,* 28 Ind., 164; *Hancy v. Croskrey,* 1 So. Rep. [Ala.], 259; *Lore's Lessee v. Truman,* 10 O. St., 45; *Bigley v. Jones,* 7 Atl. Rep. [Pa.], 54; *Nichols v. Marsh,* 28 N. W. Rep. [Mich.], 699; *Morse v. Hitchcock,* 19 Neb., 566 [27 N. W. Rep., 637];

Note to *Kirkpatrick v. McElroy*, 7 Atl. Rep., 647; *Reasoner v. Markley*, 25 Kan., 635; *Garrott v. Johnson*, 35 Am. Dec., 272; *Nickerson v. California Stage Co.*, 10 Cal., 521; Bigelow, Estoppel, [4th Ed.], p. 74, **N. 2.**

*H. C. Brome, contra.*

MAXWELL, J.

This is an action to recover damages and apparently also for an accounting. We say apparently, because the facts stated are of a nature to require an accounting between the parties, and there is a prayer for equitable relief, but the case seems to have been tried as an action for damages, and on the trial the jury returned a verdict for the defendant, upon which judgment was rendered.

The testimony tends to show that in October, 1886, the plaintiff was indebted to the defendant in an amount which we cannot determine, but not to exceed $100, and that this debt was secured by a chattel mortgage on personal property of the plaintiff; that the debt being due and, as the defendant claims not paid, he thereupon, under the mortgage, took possession of such property, when the plaintiff instituted an action of replevin and recovered the possession of the mortgaged property. After some delay in the trial, a judgment was rendered by default in favor of the defendant for a return of the property or the value thereof. The case was taken on error to the district court when the judgment was affirmed. This judgment is pleaded in bar of this action, and, so far as the right to the possession of the property until the debt is paid is concerned, is conclusive. That action, however, did not attempt or purport to adjust the accounts between the parties. The debt being due and unpaid in whole or in part, the mortgagee was entitled to the possession simply for the purpose of protecting his security and satisfying his mortgage. The case in

that regard is like that of a mortgagee of real estate at common law. Under the common law the mortgagee, after the maturity of the debt, may recover the possession of the mortgaged premises—without notice—not for the purpose of giving him the title, but as a means of protecting his security and obtaining satisfaction of the same. (*Allen v. Ranson*, 44 Mo., 263; *Carroll v. Ballance*, 26 Ill., 9; *Johnson v. Watson*, 87 Ill., 535.) This was upon the theory that the legal estate passed to the mortgagee, which after default the mortgagor had a mere equity in the property. (*Keech v. Hall*, Doug. [Eng.], 21; *Doe v. Giles*, 5 Bing., 421 [S. C., 15 Eng. C. L., 651]; *Doe v. Maisey*, 8 B. & C., 767 [S. C., 15 Eng. C. L., 377]; *Thunder v. Belcher*, 3 East, T. R., 449; *Smartle v. Williams*, 3 Leving's R. [Eng. C. P.], 387.) The mortgagee was, however, liable to account to the mortgagor when the latter filed a bill to redeem, the action being maintained only in equity. (*Bell v. Mayor*, 10 Paige, Ch., 49; *Farrunt v. Lovel*, 3 Atkyns [Eng. Ch.], 723; *Dexter v. Arnold*, 2 Sumner [U. S. C. C.], 108, 124; *Gordon v. Hobart*, 2 Story [U. S. C. C.], 243; *Seaver v. Durant*, 39 Vt. [S. C., 4 Veazey], 103; *Chapman v. Smith*, 9 Id., 153; *Givens v. M'Calmont*, 4 Watts [Pa.], 460; *Neil v. Thompson*, Id., 405; Jones on Mtges., sec. 1116.) The rights of the mortgagee of chattels are substantially the same as those of the mortgagee of real estate at common law, and while the mortgagee takes the legal title to such chattels, and after default is entitled to the possession of the property, yet he must account to the mortgagor for the same, and any surplus after paying the debt belongs to the mortgagor.

In the action in replevin there is no finding as to the special interest of the defendant. He had at the most a claim in the form of a lien upon the property, and was not the general owner. The extent of this special interest under the mortgage is yet to be determined, and has not yet, so far as this record discloses, been adjudicated. He is given

the legal title, and is the holder thereof for the sole purpose of enforcing such lien.

In the case at bar the undisputed testimony shows that the plaintiff, a few days before the action in replevin was instituted, paid to the attorney of the defendant, who had possession of the note, the sum of sixty-three dollars to be applied thereon.    He accompanied this payment with a statement that that sum was all that was due on the note, which the attorney disputed.    The money was retained, however, but was not credited on the note for some cause that does not fully appear.    The money was intended as a payment on the note, and the fact that the plaintiff claimed that no more was due thereon would not prevent it being a payment *pro tanto*.    This payment was entirely ignored on the trial of this case.    The verdict, therefore, is against the clear weight of evidence and the judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.