HOLZHAUSEN, Respondent, vs. PARKHILL, Appellant.

*March 27 — June 21, 1893.*

*Chattel mortgages: Replevin.*

Where the mortgagee of chattels has taken possession after a default, the mortgagor has no longer any legal title to the property and cannot maintain replevin therefor. His only remedy is by a bill in equity to redeem.

APPEAL from the Circuit Court for *Clark* County.

Replevin. The facts are stated in the opinion. The defendant appeals from a judgment in favor of the plaintiff.

The cause was submitted for the appellant on briefs signed by *James O'Neill, O'Neill & Marsh,* and *Leopold Hammel,* and for the respondent on the brief of *R. J. MacBride.*

To the point that the only remedy of the plaintiff was in equity, counsel for the appellant cited *Lathrop v. Cheney*, 29 Neb. 454; Tyler, Ejectment, 41, 49, 52; *Dyer v. Toothaker*, 51 Me. 380; *Parsons v. Welles*, 17 Mass. 419; *Bigelow v. Willson*, 1 Pick. 491; *Gillett v. Treganza*, 13 Wis. 472; *Eaton v. Smith*, 19 id. 537; *Gillett v. Eaton*, 6 id. 30; *Schreiber v. Carey*, 48 id. 214; *Brinkman v. Jones*, 44 id. 498; *Hubbell v. Moulson*, 53 N. Y. 225; Sedg. & W. Tr. Title Land, § 341; Jones, Mortg. §§ 716, 1115; Jones, Chat. Mortg. § 632; *Jackson v. Cunningham*, 28 Mo. App. 354.

ORTON, J. This is an action in replevin for one store ledger and a note given by one Albert Rusch to the defendant for $42.38. It was brought in a justice's court, and the plaintiff obtained judgment, and the defendant appealed to the circuit court. The following facts appear to have been established by the evidence:

The plaintiff and one Louis Horn were a firm of merchants at Thorp in the county of Clark. On the 20th day of November, 1890, they gave a chattel mortgage on their whole stock in trade, furniture, and fixtures, and one horse, to the North Star Boot & Shoe Company, to secure the payment of $500 and interest, according to certain notes, the last one of which would become due January 1, 1891. On the 13th day of December, 1890, they gave a mortgage on the same property to the Chippewa Valley Mercantile Company, to secure the payment of $624.36, according to certain notes, the last of which would become due on the 1st day of March, 1891, bearing eight per cent. interest; and this company purchased and had assigned to them said first-mentioned mortgage, and by the consent of the mortgagors took possession of the property and store, with the right to make sales sufficient to pay both of said mortgages. On the 15th day of December, 1890, this last-mentioned company sold out their mortgage interest in the

property to Mahler, Albenburg & Co., to whom the plaint-
iff's firm also owed $500, and with the consent and agree-
ment of said firm they took full possession of the store and
property, with the right to make sales sufficient to satisfy
both of said mortgages as well as said $500. This sale was
absolute in terms, but such was no doubt the effect of it.
By the consent and agreement of said firm, all the accounts
and books of account and credits of said firm were added
to the securities of said mortgages, and they also passed
into the possession of said last-mentioned company, to be
collected and applied on their claims. The defendant, as
the agent and attorney of said company, therefore held the
said ledger and note claimed in this action by the above
authority. It was also the agreement of said firm that the
said company should be paid their necessary expenses in
taking care of the property and in making it available to
the best advantage in the payment of the said claims upon
it. On the 8th day of January, 1891, the company sold
the remaining property to one Garrison for $668. This
sum, added to what the company had been paid and had
collected from accounts and sales and otherwise, according
to the contention of the defendant makes the sum of
$1,298.88, or $1,398.88, as the whole amount the company
ever received on all of said claims, when the claims them-
selves were over $1,500, without any of the expenses added
thereto, and, with such added, the claims of the company
were over $1,800. On the other hand, the plaintiff dis-
putes this claim for expenses, and contends that the com-
pany has been paid in full for all of their *liens* on the prop-
erty or accounts and credits of the firm. The testimony
was repeated more than once, and was uncontradicted, that
there has never been any accounting or settlement between
the parties of any of these matters.

The special verdict of the jury is confined to these claims
on the property, except that the value of the property in

this action is $43.88. This value of the property is the only part of the verdict that is appropriate to this action of replevin. The court rendered judgment for the plaintiff for the return of the property or for its value.

The store ledger, as an account book, together with the accounts in it, and the. note, were securities in the hands of Mahler, Albenburg & Co., by the defendant as their agent, the same as the goods, and they are entitled to their possession until their claims are all paid; and they contend that there is a considerable amount yet unpaid; and this cannot be ascertained without an accounting. This leads to the commanding question in this case, and that is whether these mortgage and security matters can be tried and adjusted by the court in an action of replevin,— a strictly legal action. It is obvious that they cannot. The court has assumed to try many issues quite foreign to such an action. It has attempted to ascertain what became of this mortgage property in the hands of three different mortgagees; how much of it has been sold, and what accounts have been collected; what payments have been made; what was due upon the mortgage claims, with the interest thereon; what was paid for taxes, rent, and insurance; what were the necessary expenses and disbursements; and, finally, every material fact necessary to an exact adjustment of the whole matter. On an adjustment of these matters by the aid of a jury, the court has determined that the defendant and those he represents are no longer entitled to retain the possession of the residue of the mortgage property, and, in effect, ordered that its possession be given up to the plaintiff, as the mortgagor, as in case of the redemption of mortgage property.

The matters involved in such an inquiry show upon their face that they are cognizable only in a court of equity. The parties interested should be brought in upon a proper complaint to answer and to account. The pleadings in re-

plevin afford no notice of these important issues. It is claimed by the learned counsel of the respondent that this objection was not made in the trial court, and was therefore waived. It is by no mears certain that this was not a *mistrial* of such a case, and therefore fatal to the judgment; but the learned counsel of the appellant insists that this objection was taken at the trial and argued by counsel on the defendant's motion for the court to direct a verdict in his favor.

" The law appears to be well settled that the execution of a chattel mortgage transfers to the mortgagee a defeasible title to the mortgaged property, which becomes absolute *at law* by the failure to pay the debt at the stipulated time; but, notwithstanding the mortgagor is divested of all interest in the property *at law*, he still has an equity of redemption, which a court of equity would protect and enforce." This extract from the opinion of Mr. Justice COLE in *Flanders v. Thomas*, 12 Wis. 410, expresses the whole law on the subject, and the reason of it. After default, and the mortgagee has taken possession of the property, the mortgagor has no longer any legal title to it. It follows, of course, that he cannot bring the legal action of replevin for it. His only remedy is to file a bill in equity to redeem. See, also, *Nichols v. Webster*, 2 Pin. 234. Mr. Justice COLE cites the following cases in support of this doctrine: 2 Story, Eq. Jur. § 1031; *Hart v. Ten Eyck*, 2 Johns. Ch. 62–99; *Kemp v. Westbrook*, 1 Ves. Sr. 278; *Charter v. Stevens*, 3 Denio, 33; *Patchin v. Pierce*, 12 Wend. 61; 4 Kent, Comm. 139. "The mortgagor's only right is to redeem." *Smith v. Coolbaugh*, 21 Wis. 427. The same doctrine is stated in a recent case of *Lathrop v. Cheney*, 29 Neb. 454, and many cases cited. This being the settled doctrine of this court, it is needless to cite other cases. Those cited in the appellant's brief may be referred to.

In this view of the case, the exceptions taken on the

trial become immaterial. Notwithstanding the judgment in this case, it is very clear that the mortgagees have not been, as yet, divested of their legal title to the property claimed in this action.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with direction to dismiss the complaint without prejudice to the plaintiff's right to bring an action in equity to redeem the property.