KLINKERT and another, Respondents, vs. THE FULTON STORAGE & MERCANTILE COMPANY and others, Interveners, Appellants.

*February 19—March 11, 1902.*

*Chattel mortgages: Mortgagee's rights after condition broken: Replevin: Undertaking: Sureties: Judgments: Motion to vacate: Abuse of discretion: Measure of damages: Interest.*

1. The execution of a chattel mortgage transfers to the mortgagee a defeasible title to the mortgaged property, which becomes absolute *at law* by failure to pay the debt at the stipulated time, but is subject to the right in the mortgagor, or junior mortga-

gees, of redemption after breach of the condition, and before sale.

2. A mortgagee of chattels, after condition broken, has the right to the possession of the mortgaged property, and his right to recover against any person unlawfully converting the same in hostility to his rights is absolute, his damages against the person withholding possession being limited by the amount due on his mortgage debt.

3. Where a chattel mortgagee brings replevin against the mortgagor to recover possession of the mortgaged property, and a junior mortgagee, who had intervened in the action, obtains possession thereof on giving the statutory undertaking conditioned for its delivery to the plaintiff, if he be entitled thereto, an intervening prior mortgagee, who was adjudged entitled to the mortgaged property, is not entitled to judgment against the sureties on such undertaking.

4. In such case, where the junior mortgagee fails to return the mortgaged property, the prior mortgagee is entitled to judgment against such junior mortgagee for the amount of his debt, interest and costs, provided such recovery does not exceed the value of the property and interest to the date of the judgment from the time it was so taken into the possession of the junior mortgagee.

5. In such case, judgment was rendered for the intervening prior mortgagee, based on a finding of a referee awarding damages against the junior mortgagee for the detention of the property up to the date of the judgment. On motion to vacate the judgment and modify the findings, it was conceded that the property had been turned over to the prior mortgagee soon after suit was commenced. *Held*, that it was an abuse of discretion not to have made inquiry into the facts, and readjust the findings and judgment to conform to the changed conditions.

6. In such case, where the junior mortgagee has returned the mortgaged property, the prior mortgagee is not entitled, as damages, to compensation for the *use* of the property, unless it appear that he was in a situation to use and would have used it.

7. In such case, where it appears that the property has been returned and that the prior mortgagee is not entitled to damages for the *use* of the property, his damages are limited to interest on the value of the property from the time it was detained, the amount of any deterioration in value on account of any act done by the junior mortgagee, and the expense of replacing the property.

APPEAL from judgments and an order of the superior court
of Douglas county: CHAS. SMITH, Judge. *Reversed.*

This is an action of replevin to recover possession of a sa-
loon outfit.   It was brought May 9, 1896, against August
Ruhnke, who was charged with unlawfully detaining the
same.   The plaintiffs gave the usual undertaking, and the
sheriff took possession of the property.   On May 13th the
*Fulton Storage & Mercantile Company,* claiming to be the
owner and entitled to the possession of the property, was duly
made a party defendant, and by leave of the court was per-
mitted to give an undertaking, under sec. 2722, Stats. 1898,
to reclaim the property.   The defendants *John L.* and *Louis
R. Fulton* signed such undertaking, and the property was
delivered to said defendants.   On the same day one Jos.
Ruhnke, who also claimed to be the owner of and entitled to
the possession of, the property, was made a defendant in the
action.   The case finally came to an issue some time in 1897,
and the findings recite that by consent it was referred to Mr.
G. E. Dietrich to take and report the testimony.   The referee
made a report, and at the May term, 1898, the case was sub-
mitted to the court upon said report and other proofs that
were then offered.   Nothing appears to have been done in the
case until the defendant company in December, 1899, ob-
tained an order to show cause why certain findings it pro-
posed should not be signed and allowed by the court.   The
record fails to show any action taken by the court on this or-
der.   The case continued to slumber until April 23, 1901,
when the court made and filed its findings.   From these find-
ings it appears that August Ruhnke, who owned the property
in question, on June 3, 1892, gave a chattel mortgage there-
on, in the form of a bill of sale, to one Schweitzer, which was
filed in the city clerk's office.   October 12 and 15, 1892, some
creditors of Ruhnke sued out writs of attachment and seized
the property.   Schweitzer replevied the same and took pos-
session of the property, but allowed it to remain in Ruhnke's

saloon, who used the same until this action was commenced. Schweitzer obtained judgment in the replevin action, which was afterwards reversed by this court, and remanded for a new trial. [91 Wis. 318.] The action is still pending. Plaintiffs claim as assignees of Schweitzer, whose bill of sale has never been renewed. The findings then set out the giving of the undertaking by the defendant company, and declare that, so far as the evidence shows, the company has had the property ever since. As to the claim of the company, the court finds that in May, 1895, August Ruhnke and wife gave a chattel mortgage on this property to it, and a second one on January 23, 1896, at which time it was agreed the saloon should be run by Ruhnke for the company, as its agent, which agreement the court holds void as to creditors. The company had no knowledge of plaintiffs' mortgage. During all these times August Ruhnke was wholly insolvent. On May 3, 1893, Jos. Ruhnke loaned August $300. On May 24, 1895, August and wife executed a chattel mortgage to Joseph on the property, which was duly filed. February 7, 1896, they executed another mortgage to him, as an extension and renewal of the old one, which was also duly filed, both of which were taken without notice of the plaintiffs' alleged mortgage. The goods in question were in the possession of the mortgagors at the time said mortgages were given to Joseph. The value of the property was found to be $800. The court found the use of the property by the defendant company was worth over $10 per month, and that the special interest of Jos. Ruhnke therein was $492.16. The conclusions, in substance, were that Jos. Ruhnke was a mortgagee in good faith, and entitled to the possession of the property; that the plaintiffs were entitled to the possession of the property, as against the company, and to recover from it the value of its use, at $10 per month,—being $580,—or, in lieu thereof, the value and said damages, amounting in all to $1,380. The plaintiffs' interest in the property was concluded to be

$1,204, although there was no finding upon which it could be based. The judgment entered adjudged that the property should be returned to Jos. Ruhnke, or, in case a return could not be had, that he have judgment for his special interest therein, with costs. It further provided that the plaintiffs, subject to the lien of Jos. Ruhnke, were entitled to the possession of said property. It then recited the giving of the undertaking by the company and its sureties, and adjudged a recovery against them for $1,200, the face of the undertaking, and costs; "the said judgment being made up of eight hundred dollars, the value of the property, and the use of the property, being five hundred and eighty dollars, making thirteen hundred and eighty dollars." In July following, the company moved to vacate the judgment, and to change and modify the findings in many respects stated in the notice. This motion was based upon affidavits showing a full history of the case, and, among other things, that the testimony taken by the referee had never been filed in court, and could not be found. The affidavit of *John L. Fulton*, president of the defendant company, showed that the property included in the undertaking had been delivered to Jos. Ruhnke in 1898, and had not since been in its possession. The affidavit of Archibald McKay, the attorney for Jos. Ruhnke, showed that as agent of his client, and soon after this action was commenced, he took possession of said property under the chattel mortgage, and turned it over to his client, who has had possession of the same ever since, and that the company had not since had possession or control of the same. The court denied said motion in all respects, but granted plaintiffs leave "to amend or modify the findings, conclusions, and judgment, if so desired by them, so as to substitute interest on their claim as damages in place of use, as found and allowed in said findings, conclusions, and judgment." Plaintiffs thereupon made amended conclusions at considerable

length, and also amended the judgment. The amended judgment recites that the plaintiffs and the defendant Jos. Ruhnke in open court elected to take a judgment for a recovery of the property, or the value thereof in case a delivery cannot be had. It then adjudges that the plaintiffs and defendant Jos. Ruhnke recover of the defendant company and its sureties the possession of the property described in the complaint, and $590 damages for such detention, and, in case a return cannot be had, then that they have judgment for its value, $800, and interest, amounting to $252. It then provides, in case the property is returned with the damages for its detention, it shall first be turned over to Jos. Ruhnke, to satisfy his claim, and the remainder shall go to the plaintiffs. The defendant company and its sureties appeal from both judgments and the order denying the motion to vacate the judgment.

For the appellants there was a brief by *Reed & Reed,* and oral argument by *Myron Reed.*

For the respondents the cause was submitted on the brief of *Ross, Dwyer & Hile.*

BARDEEN, J.  We congratulate ourselves that we are seldom called upon to consider such a judicial hotchpotch as is presented in this case. It will be observed from the statement that the facts are vastly complicated and involved. The confusion has been more confounded by the manner of trial. The case was begun in May, 1896. It was finally got to issue some time in the year following. The findings recite that the case was referred to a referee to take the testimony, but no order of reference or referee's report appears in the files. They further recite that the case was finally submitted to the court on the referee's report and further proofs then offered, at the May term of court, 1898. No decision was then rendered, and the case slumbered until December, 1899, when the *Fulton Storage & Mercantile Company* obtained an order

to show cause why certain findings then proposed should not be signed. For some reason not disclosed by the record, the court declined to entertain the proceeding. The case continued its peaceful slumbers until April, 1901, when findings were filed and judgment entered. It should be said, in justice to the trial court, that the delay was occasioned by the court's being advised from time to time that a settlement of the case was pending. The case was originally commenced on the supposition that plaintiffs were the owners of the property in dispute, and had a right to its immediate possession, and that the defendant August Ruhnke stood in the way of their exercising that right. We say, with some hesitation, that said defendant suffered default. At least, no answer from him appears in the record. Shortly after the suit was commenced, the defendants Jos. Ruhnke and the *Fulton Storage & Mercantile Company* each filed affidavits claiming the title and right to possession of said property, and were made parties defendant. It then became a triangular fight between three mortgagees. Owing to the loss of the referee's report, the case cannot be reviewed as to its facts, but must be considered on the findings. The statement contains a brief history of the giving of these several mortgages. Upon the facts disclosed, the court found and concluded that the claim of plaintiffs was postponed to that of Joseph Ruhnke, because their mortgage had never been renewed. The mortgages of the company were declared fraudulent and void as to creditors. The findings are novel and anomalous. They are significant both as to facts found and for failure to find facts. They find that August Ruhnke was the owner of the property and was in possession of it when the suit was commenced. The claimants were all mortgagees, and yet it is nowhere found that any demand on August had ever been made. There is no finding that any one of the mortgages was due. The court concluded that the plaintiffs were entitled to a special lien upon the property amounting to $1,204, and yet

there is not a single fact found to justify it as to the amount. The court found that the defendant company gave an undertaking and got possession of the property; that the value of the use of the property during the time they held it was over $10 per month, and he thereupon concluded that it and its sureties should pay $590 as damages for its use to the parties interested in this litigation. The amended judgment entered is a joint judgment in favor of plaintiffs and the defendant Joseph Ruhnke for a return of the property, with damages as stated, and, in case a return could not be had, for its value and interest, with a provision that if a return was had, and the damages collected, it should first be turned over to Joseph Ruhnke to pay his claim, and the balance, if any, should be applied on plaintiffs' demand. The judgment so entered was against the defendant company and its sureties. After entry of the first judgment, the appellants moved to vacate it, and to amend and modify the findings, upon some sixteen different grounds. Among other things, it was shown, and not disputed, that at some time after the suit was commenced the defendant company turned over the property in question to Joseph Ruhnke, and had not had possession since. The court denied the motion, and granted plaintiffs leave to amend the conclusions and judgment to substitute "interest on their claim as damages in place of use." The changes made in the findings and judgment far exceeded the authority given in the order. The appellants urge these and many other objections as being fatal to the validity and integrity of the proceedings in the court below.

We are unable to find any legal justification for the judgment in this case. All of the contesting parties in the court below were mortgagees. The court found that Joseph Ruhnke had the paramount claim on the property under his chattel mortgage. He failed to find whether this or either of the other mortgages was due. Assuming that they were due when this litigation was commenced, under the finding of the

court the legal title to the property in dispute and the right
to its possession were vested in Joseph Ruhnke. This is be-
cause, under the law of this state, "the execution of a chattel
mortgage transfers to the mortgagee a defeasible title to the
mortgaged property, which becomes absolute *at law* by the
failure to pay the debt at the stipulated time." *Flanders v.
Thomas,* 12 Wis. 410; *Holzhausen v. Parkhill,* 85 Wis. 446.
The mortgagor or junior mortgagees have only a right of re-
demption after breach of the condition, and before sale.
*Smith v. Coolbaugh,* 21 Wis. 427; *Boyd v. Beaudin,* 54 Wis.
193. The mortgagee, after condition broken, has the legal
title to the property, and the right to the possession thereof,
against everybody; and his rights to recover against any per-
son unlawfully converting the same in hostility to his rights
as mortgagee are just as perfect as though he was the absolute
owner thereof; the only difference being that, as against per-
sons claiming under the mortgagor or his assignees, his right
to damages would be limited to the amount due on his mort-
gage. *Smith v. Konst,* 50 Wis. 360; *Lowe v. Wing,* 56 Wis.
31. The defendant Joseph Ruhnke having come into court
asserting his legal rights, and the court having found them
as stated, he was entitled to a judgment for a return of the
property, as against the mercantile company, and damages
for the time said defendant withheld possession thereof from
him. He was not entitled to a judgment against the sureties,
because they never undertook to return the property to him.
Their undertaking was to the plaintiffs, and to none other.
In case a return of the property could not be had, Joseph
Ruhnke was entitled to a judgment against the company for
the amount of his debt, interest, and costs, provided said re-
covery could not exceed the value of said property and in-
terest on such value from the time it was so taken by the com-
pany to the date of judgment. *Smith v. Phillips,* 47 Wis.
202.

At this point there arises another complication. The mo-

tion to modify the findings showed that, at some indefinite time after the suit was commenced, the company turned over the possession of this property to Joseph Ruhnke. The latter's attorney admitted that he received such possession for his client "soon after this suit was commenced." This fact was undisputed, and it became the plain duty of the court to ascertain the facts, and readjust the findings and judgment to conform to the changed conditions. Especially was this so because of the great delay in making findings, and we regard it as an abuse of discretion for the court not to have made inquiry into the matter. An additional reason why the court should have done so was because in the original judgment the company and its sureties were held responsible for the *use* of the property to the date of the judgment, amounting to $580. There is no legal justification for any such allowance in this case. The party claiming the use must show that he was in a position to use it, and that he would have used it. It is only for the loss of the use of property which the party is in a situation to use and can use that the value of use is allowed. Cobbey, Replevin, § 897. There is no finding that meets this situation. Not being entitled to the use, the mortgagees' damages would be limited, at most, to interest on the value of the property from the time it was detained; the amount of any deterioration, if any, in value, on account of any act done by the company; and the expense of replacing the property. *Morris v. Baker,* 5 Wis. 389; *Beveridge v. Welch,* 7 Wis. 465; *Booth v. Ableman,* 20 Wis. 603; *Anderson v. Sloane,* 72 Wis. 566. Upon no theory of the case, under the findings, were any of the parties entitled to the value of the use of the property as damages.

The court erred in entering a joint judgment in favor of plaintiffs and the defendant Joseph Ruhnke against the company and its sureties. As already shown, the sureties were under no obligation to restore the property to Joseph Ruhnke. Their contract was entirely with the plaintiffs, and cannot be

enlarged or extended beyond the terms of their undertaking, and they are liable in this action only as it is found that the company has breached its obligation to the plaintiffs. In how far that has occurred can only be determined after the actual situation and condition of the property has been ascertained. Without knowing just how the matter stands, it is impossible to direct a proper judgment in this case.

The order and judgments appealed from are reversed, and the cause will be remanded, with directions to the court to ascertain and find the situation and condition of the mortgaged property, whether and when the property was delivered to the defendant Joseph Ruhnke, and whether it had deteriorated in value by any act of the company while in its possession. The court should take additional testimony sufficient to put it in possession of such facts as are necessary to enter a judgment that will protect the rights of all parties, on the basis of facts already found and to be found. If the court finds the property has heretofore been delivered to Joseph Ruhnke, the court should also award damages by way of interest on its value from the time the company received it until it surrendered possession. If it deteriorated while in its possession, by any act or neglect for which it was responsible, that, also, would be a proper element of damages. The judgment should also be framed so as to protect the rights of plaintiffs, and to properly enforce the same against the company and its sureties. To just what extent the latter may be liable to plaintiffs must depend in some degree upon the exact facts found in relation to the situation and condition of the property. The obligations of the defendant company and its sureties are to be enforced in favor of the plaintiffs, except in so far as they have been modified by the facts found, or to be found as herein directed. The junior mortgagees have a right of redemption from the paramount mortgage, and their rights in this regard should be protected in the judgment. The case is a good one for settlement, and we

trust by the time the *remitittur* gets back to the court below the parties will be able to consummate that which they have so long delayed.

· *By the Court.*—The judgments and order are reversed, and the cause is remanded for further proceedings as directed in the opinion.