JAMES MUSIC COMPANY, Respondent, vs. HANKWITZ, Appellant.

*November 30—December 15, 1908.*

*Chattel mortgages: Legal title after condition broken: Trespasser: Right as against unfiled chattel mortgage.*

1. A chattel mortgagee, after condition broken, has the legal title to the mortgaged property and the right to the possession thereof.
2. Under sec. 2313, Stats. (1898), providing for the filing of chattel mortgages and the effect of such filing, the owner of an unfiled chattel mortgage can recover the mortgaged property from a mere trespasser.
[3. *It seems* that the provisions of sec. 2313, Stats. (1898), are intended only for the protection of those claiming the mortgaged property by purchase, assignment, or otherwise from the mortgagor in possession, and not for the protection of mere trespassers.]

APPEAL from a judgment of the circuit court for Lincoln county: W. C. SILVERTHORN, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *Ryan & Runke,* and oral argument by *R. S. Runke.*

For the respondent there was a brief by *Brown, Pradt, Genrich & Anderson,* attorneys, and *Edward M. Smart,* of counsel, and oral argument by *F. W. Genrich.*

James Music Co. v. Hankwitz, 137 Wis. 302.

WINSLOW, C. J. No statement of the facts in this case is deemed necessary. But one question is involved which we deem it necessary to consider, viz.: Can the owner of an unfiled chattel mortgage, after condition broken, successfully replevin the mortgaged property from a person who has purchased the same at sheriff's sale upon an execution issued on a judgment against one other than the chattel mortgagor? In simpler form, the question is whether such a mortgagee can replevin the property from a trespasser. This question must be answered in the affirmative. A chattel mortgagee after condition broken has the legal title to the mortgaged property and the right to the possession thereof. *Klinkert v. Fulton S. & M. Co.* 113 Wis. 493, 89 N. W. 507.

It is true that sec. 2313, Stats. (1898), provides that a chattel mortgage shall not be valid as "against any other person than the parties thereto," unless the possession of the property be delivered to and retained by the mortgagee, or the mortgage be filed in the office of the proper town, city, or village clerk, as prescribed in sec. 2314, Stats. (1898). Under this section it is contended that the owner of an unfiled chattel mortgage cannot recover the property from a mere trespasser. This contention, however, must be rejected under the authority of *Kimball v. Post,* 44 Wis. 471, where it was held that the same language in sec. 2317, Stats. (1898), with reference to conditional sales of personal property, was intended only for the protection of those claiming the property by purchase, assignment, or otherwise from the vendee in possession, and not for the protection of mere trespassers.

Following this decision the judgment must be affirmed.

*By the Court.*—It is so ordered.